PER CURIAM.
Appellant was convicted on two counts of an information charging him with conspiracy to commit robbery and robbery. He was sentenced to twenty years imprisonment on the first count and sentence was withheld on the second count. From this judgment of conviction and sentence lie has appealed.
The case is now before the court on appellant’s motion to review the order rendered by the trial court denying his motion for an order granting and fixing bail pending appeal.
Rule 6.15, Florida Appellate Rules, 31 F.S.A. provides that an application for bail ■pending appeal shall be made to the trial •court, and shall be tested by the principles enunciated in Younghans v. State, Fla.1956, '90 So.2d 308; that an order denying bail shall state the reasons for denial and such ■order may be reviewed by the appellate •court upon motion of the defendant, sup■ported by a certified copy of the order, notice of appeal and the proceedings in the lower court concerning bail pending appeal, -including any evidence relating thereto.
In Younghans v. State it is provided that -in passing upon an application for bail -pending appeal the trial court shall con■sider (1) whether the appeal is taken merely for delay or in good faith on grounds -not frivolous but fairly debtable; (2) the 'habits of the individual as to respect for the law; (3) his local attachments to the ■community by way of family ties, business, or investment; (4) the severity of the -punishment imposed for the offense, and .any other circumstances relevant to the question of whether the defendant would be tempted to remove himself from the jurisdiction of the court.
Although the application for an order granting bail filed in this court by appellant alleges facts which could properly be considered by the trial court in initially passing upon the application for bail,- appellant has failed to comply with the requirements of Younghans v. State in furnishing this court with a transcript of the proceedings and evidence taken before the lower court at the hearing on the application originally made in that court. We therefore do not have the benefit of what transpired at the hearing, nor the evidence submitted by appellant to support his application for bail.
The record before us does not contain a copy of the trial court’s order denying bail pending appeal. However, by referring to the record of another appeal brought to this court by appellant, we find a copy of the order denying application for bail which is in the following words, to wit:
“The above cause coming on to be heard upon application of Defendant Billy Sanders for release on bail pending appeal, and after hearing argument of counsel and considering the facts and circumstances of the case, the nature of the offense and the evidence presented at the trial, the Court finds that the grounds asserted on appeal are frivolous and not fairly debtable, and the appeal is taken merely for delay; and after considering the severity of the punishment imposed and other circumstances relevant to the question of whether Defendant would be tempted to remove himself from the jurisdiction of the Court, the Court is of the opinion the ends of justice require that Defendant be imprisoned during the pendency of this appeal, it is, therefore * *
The trial court’s order denying bail arrives in this court with a presumption of correctness. Since appellant has failed to include in the record a transcript of the *688 proceedings from which we could determine whether the trial court had abused its discretion in denying bail, we must accept the findings of the trial court as correct. On this basis the application for bail pending appeal filed in this court is denied.
RAWLS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.