ON MOTION TO REVIEW DENIAL OF BAIL PENDING APPEAL
SPECTOR, Judge.
This matter is before the Court on appellants’ motion to review denial of bail application pending appeal from a judgment holding appellants in contempt.
Florida Appellate Rule 6.15, 32 F.S.A. sets forth the standards to be used by a reviewing court to determine the correctness of an order denying bail pending appeal to be those standards set forth by the Florida Supreme Court in Younghans v. State, 90 So.2d 308 (1956). One of the standards or criteria that is set forth in Younghans at page 310, supra, as justifiable or permissible grounds for denial is that the appeal is not “ * * * taken in good faith, on grounds not frivolous but fairly debatable, in view of the decisions of the Supreme Court, * * This Court recently recognized the criteria for denial of bail on appeal articulated in the Younghans case and further ruled that the trial court’s order denying bail pending appeal came to this Court clothed with a presumption of correctness. Sanders v. State, 184 So.2d 686 (Fla.App. 1st 1966).
The federal courts too have recognized this ground as being sufficient to authorize denial of bail pending appeal as was the case in United States v. Coplon, 339 F.2d 192 (C.A. 6th 1964), where it was held in connection with an appeal from a contempt citation that:
“It is the practice of this court to be liberal in granting bail pending appeal, but we are not willing to grant bail in a case where the appeal is clearly frivolous and taken for delay.” citing Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769.
Examination of the trial court’s order denying bail reveals that it was bottomed on the court’s view that the respondents before him, appellants here, were clearly in contempt of court. Inasmuch as Florida Appellate Rule 6.15 provides that applications for bail pending appeal shall be tested by the principles set forth in Younghans, supra, and that an order denying bail on appeal shall state therein the reason or basis for such denial, we have examined the order of denial here being reviewed and conclude the reason stated therein is reasonably the equivalent of the trial court’s view that any *693 appeal from the judgment of contempt would be frivolous and interposed solely for the purpose of delay since, as he stated in his order, the respondents were clearly guilty of contempt.
Thus to procure from this Court an order reversing the trial court’s denial of bail, it is incumbent upon the appellants to show this Court that this appeal on the merits is not frivolous as apparently the trial judge believed it to be.
It thus becomes apparent that appellants’ motion to review denial of bail requires for proper decision an inquiry into the merits of this appeal.
Appellants’ contention by the tenor of both their motion and oral argument is that the appellants’ activities giving rise to the contempt judgments come under the protective cover of the First and Fourteenth Amendments of the United States Constitution relating to freedom of speech and press as construed by the United States Supreme Court in Pennekamp v. State of Florida, 328 U.S. 331, 66 S.Ct. 1029, 90 L.Ed. 1295, and Wood v. Georgia, 370 U.S. 375, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962). This matter having come on to be heard upon motion, the Court has not yet had the benefit of briefs from the parties as to the application of the cited and like cases to the facts in the case at hand. However, the Court’s reading of those two cases fails to persuade us that the facts here involved are so similar to those in Pennekamp and Wood cases, supra, so as to be controlled by the rulings in those cases.
Upon initial inquiry, this Court perceives a significant difference in this case from those ci^ed above in that the conduct giving rise to the contempt judgments in those cases consisted only of criticism of the judges involved, whereas here we are not concerned with criticism of a judge but rather conduct which the trial court found was calculated to and had a tendency to influence a grand jury in the performance of its duties by reason of the publication and physical distribution of an article within the Alachua County Courthouse at a place immediately adjacent to the room wherein the grand jury was deliberating a specific matter in respect of which the appellant Dawkins was the complaining party. The pertinent portions of the publication involved are as follows:
“The so-called authorities of Gainesville are at their old trick again. They have called together a grand-jury to investigate charges made by black people against that racist, klan-infested police department. Well, gather round, let me tell you this; that grand-jury is just as racist and klan infested as the police department is. I told you before that when they got through lying, fixing, framing, and denying — -nothing was going to be done! Look who’s sitting on the jury. What they will probably do is put in a couple of Uncle Toms to make their findings justifiable. If there are any Uncle Toms on that grand-jury, we all know who they will be.
“By them housing female prisoners in the county jail is not going to solve the issues ; just one of them. In the meantime that sadist Wilderson gets off scott-free. And Ted Duncan — I don’t have to tell you about that Negro-hating hunkie, I think you already know. And Ex-Mayor McKinney — He’s worse. A lying, no-good, racist if I ever saw one. He reminds me of ‘Bull’ Conner.
“There are people who are going to be subpoenaed to come to this fixed grand-jury, including myself. Many people are afraid to go — which shows WHITE POWER again. WE ARE ASKING THAT EVERYONE IN GAINES-VILLE WHO IS MAN AND WOMAN ENOUGH TO STAND UP AND FIGHT AGAINST THIS OPPRESSIVE CITY AND COUNTY GOVERNMENT COME FORWARD AND TESTIFY ON MONDAY, DECEMBER 18, at 9:30 A.M. By the way, where are those so-called Negro-leaders in Gaines-ville. You know these things have been going on, but you are afraid to stand up. *694 So stay in your chairs, we know you are a part of white oppression.”
It can readily be seen therefore that the case before us concerns itself not merely with criticism of a public official or body, but rather conduct calculated and tending to influence a grand jury and prospective witnesses awaiting their turn to testify under circumstances wherein there exists a clear and present danger that such influencing effect logically could result. Appellants’ intent that their written utterances bring about grand jury action satisfactory to them is manifest not only in the rhetoric chosen, but by the place and manner of distributing them. On the record and arguments before us, this seems to be the basis of the trial judge’s contempt order; not mere criticism' of the kind found in Pennekamp and Wood, supra.
The appellants having failed to show by the concededly limited argument contained in their motion and oral argument that the trial judge erroneously denied bail pending appeal, their motion to review same is denied.
The Court, on its own motion pursuant to Florida Appellate Rule 3.12, hereby shortens the time within which briefs must be filed inasmuch as the record on appeal has already been received here. Counsel for respective parties have agreed to this advancement. Appellants’ brief is required to be filed on or before January 19, 1968, and Appellee’s brief must be filed within ten days after the date on which appellants’ brief is filed. Appellants may file a brief in response thereto within five days thereafter. The advancement of the time for filing briefs is prompted by the Court’s awareness of the brief time factors involved and the desire to consider a more thorough treatment of the issues involved as soon as is practicable.
■ RAWLS, Acting C. J., and JOHNSON, J., concur.