**UNITED STATES of America, Plaintiff,**

**v.**

**Edward PERRONE et al., Defendants.**

**No. FL 76–6008–CR–NCR.**

United States District Court,
S. D. Florida,
Ft. Lauderdale Division.

May 20, 1976.

Jay R. Moskowitz and Martin L. Steinberg, Sp. Attys., U. S. Dept. of Justice, Miami, Fla., for plaintiff.

Melvyn Kessler, Michael J. Rosen, Asst. Federal Public Defender, Miami, Fla., Robert S. McCain, Ft. Lauderdale, Fla., Mark J. Friedman, Miami Beach, Fla., for defendants.

ROETTGER, District Judge.

This cause is before the court on defendants Perrone and Yatman's motion for reduction of bail. The trial resulted in the conviction of defendants under an indictment which charged conspiracy to distribute large quantities of cocaine. Defendants

face the possibility of a lengthy period of incarceration because of the serious nature of the offense.

After the return of the jury verdict a hearing was held on the government's motion to increase the amount of the bond. The court found that both defendants are dangers to the community and risks to flee. Bond was increased by the court to $300,000 corporate surety for each, and specific conditions were imposed upon the release of defendants. Pursuant to 18 U.S.C. § 3146(d), the court iterates the findings and conditions made at that hearing. The court is not persuaded that the prior rulings were improper or unjustified.

As to defendant Perrone, in addition to the cocaine conviction there was evidence presented at trial or the post-trial hearing, mostly by an eye witness, that within the last two-and-a-half years he had engaged in extortion by physical violence, namely beating; that he engaged in prostitution; that he had used as prostitutes girls aged 15 and 16, which rather plainly is contributing to the delinquency of a minor; that he is under investigation for murder.

All of the above findings also apply to defendant Yatman, a previously convicted felon, with the exceptions that there was evidence that Yatman was an accessory before the fact to murder and he had been regularly engaged in receiving stolen goods. However, Yatman was not under investigation for murder. There is an additional consideration in Mr. Yatman's case: he is a Turkish citizen, increasing his likelihood of flight.

The court ordered that any bonding company with whom defendant Perrone was associated would be forbidden from writing the bond in this matter. It was further ordered that before the defendants could be released from custody following the posting of a bond, said company and defendants would be required to submit the bonding arrangements to the Court for inspection of the collateral. See *United States v. Nebbia,* 357 F.2d 303 (2d Cir. 1966) and *United States v. D'Argento,* 227 F.Supp. 596 (N.D.Ill.) rev'd on other grounds, 339 F.2d 925 (7th Cir. 1964); Fed. R.Crim.P. 46. These measures were necessary because of the evidence that defendants' corporate surety bond filed prior to the trial was written by Mr. Barry Hodus, a long time personal friend of defendant Perrone. Mr. Hodus testified that no collateral was posted for the bond and no fee was paid for it. This was also true of several other bonds Mr. Hodus had written for defendant Perrone in the past.

Should defendants be released from custody, the following conditions are to be imposed:

1. The defendants shall not be permitted to travel outside the jurisdictional limits of Dade, Broward and Palm Beach counties without the prior written permission of the court.

2. The defendants shall be required to surrender their passports or other travel documents, if they possess any, to the United States Government.

3. The defendants shall not be permitted in or at any public or private airport or other flying facility; nor shall they be allowed to travel on the waterways or the Atlantic Ocean.

4. The defendants, each of them, are to report daily to the United States Probation Office in Fort Lauderdale, Florida, on a daily basis between the hours of 9:00 A.M. and 3:00 P.M. On the weekends, defendants shall report by phone to the duty officer in the Probation Office at a number to be supplied to the defendants on the last business day of each week.

5. The defendants shall not be permitted to be in possession of firearms or other deadly weapons.

For the above reasons, it is

ORDERED AND ADJUDGED that defendants' motion for reduction of bond and/or modification of conditions of release is denied.

DONE AND ORDERED this 20th day of May, 1976.