382 So.2d 408 (1980)
Marvin Franklin GOOD, Petitioner,
v.
Richard WILLE, As Sheriff of Palm Beach County, Florida, Respondent.
No. 80-364.
District Court of Appeal of Florida, Fourth District.
April 9, 1980.
Rehearing Denied May 7, 1980.
*409 Howard L. Greitzer of Lyons & Sanders, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for respondent.
GLICKSTEIN, Judge.
Petitioner seeks to review by habeas corpus and petition to review an order setting bail pending trial on the basis that the amount thereof is so excessive as to amount to a denial of bail. Marvin Good is charged with trafficking in cannabis in excess of one hundred pounds but less than two thousand pounds, and possession of methaqualone with intent to sell. Bond was set at $500,000.00 by the trial court.
The trial court concluded from the probable cause affidavit and the testimony of Deputy Sheriff Gerard Nault that the probability of conviction was great. The deputy testified that when petitioner was arrested at 4:30 a.m. on January 26, 1980, the suspect was concealing himself in the women's bathroom at Lantana Airport. Petitioner produced his pilot's license when asked for identification. A .38 automatic pistol was also found in the bathroom. A yellow clay-type dirt uncommon to Florida soil was on petitioner's trouser leg and boots. This same clay-type dirt was also found on the right wing of the airplane the deputy had just seen land at the airport in which approximately 660 pounds of marijuana and fifty pounds of quaaludes had been found. Because petitioner has not supplied us with the probable cause affidavit, we accept as correct the trial court's finding that conviction was probable. Sanders v. State, 184 So.2d 686 (Fla. 1st DCA 1966).
*410 Petitioner took the stand at the bond hearing and testified that he resides in a condominium apartment which he owns in Miami, Florida, and has resided in Dade County, Florida, for the past eleven years. Petitioner further testified that he is self-employed in a part-time one-man rug business and has flown for two corporations, has $7,000 in a bank account and cannot pay for a $500,000 bond, has no prior felony convictions and has always appeared when charged with a traffic violation, enjoys good mental health, owns a valid passport which has no restrictions and was last out of the country two months prior to his testimony, is divorced, and has a son who stays with petitioner's parents in Kentucky.
Our function is to weigh the soundness of the trial court's discretion and determine if petitioner has produced sufficient evidence to overcome the presumption of correctness of the trial court's order. State ex rel. Smith v. Untreiner, 246 So.2d 158 (Fla. 1st DCA 1971), cert. den. 250 So.2d 643 (Fla. 1971). We are of the opinion that he has overcome this presumption.
Article I, Section 14 of the Florida Constitution provides:
Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.
Petitioner is not charged with a capital offense or offense punishable by life imprisonment. He faces a maximum term of thirty years with a mandatory minimum of three years and a $25,000 fine on the first charge and a possible five-year sentence on the second. Accordingly, he is entitled to bail.
Petitioner is also entitled to reasonable bail which brings into focus the financial condition of the defendant. Depending upon the financial circumstances of the defendant, excessive bail is tantamount to no bail. State ex rel. Bardina v. Sandstrom, 321 So.2d 630 (Fla. 3d DCA 1975).
In addition to the defendant's financial circumstances, there are numerous criteria to be considered in setting bail and each case is dependent upon its individual facts. Factors to be considered in determining the amount of bail include the nature of the offense and the penalty for it, the character and strength of the evidence or probability of guilt, the probability of the accused appearing at trial, his accessibility to means of flight, his family ties and employment, the length and stability of his residence in the community, the prior record of the accused in responding to process, whether the accused was a fugitive from justice when arrested, whether the accused is under bond for appearance at trial in other cases, his respect for the law, the accused's character and reputation, and the state of his health. Stansel v. State, 297 So.2d 63, 66 (Fla. 2d DCA 1974); State ex rel. Smith v. Untreiner, supra at 160.
Although it is high, there is nothing improper, per se, about a $500,000 bond, and there is precedent for it in drug cases. In Mecom v. United States, 434 U.S. 1340, 98 S.Ct. 19, 54 L.Ed.2d 49 (1977), the defendant was convicted of conspiracy to possess marijuana with intent to distribute and had been sentenced to five years imprisonment followed by a special parole term of another five years. Mr. Justice Powell as Circuit Justice denied application for reduction of the $750,000 bail. The applicant in that case was involved in a large scale smuggling enterprise importing marijuana into Texas from Mexico in loads of 200 to 700 pounds, his wife and co-indictee were fugitives, and he paid $100,000 in an unsuccessful attempt to have one of his associates murdered.
In Stansel v. State, supra, a bond of $500,000 was found not to be excessive or unreasonably high following indictment of defendant by the Statewide Grand Jury for conspiracy to possess marijuana. The evidence showed that in 1972 $550,000 had been transferred into a Cayman Islands bank account over which defendant had *411 control; that when arrested, he had $25,000 in cash on his person; that in the thirty days prior to hearing, he had visited twelve foreign countries; that he spent six months a year away from his home in Tarpon Springs; that his main business interests were outside the United States; that he owned one boat worth $25,000 and had owned boats worth $350,000 in the year last past; that he had one prior drug arrest but no conviction; and that the United States Government had previously filed a lien against him for back taxes of $250,000.
The record reflects that although the bond was high, the trial court felt that the bail was appropriate to assure the defendant's presence at trial. It is our conclusion that the facts in this case do not approach the degree of financial acumen or criminal activity that existed in the two foregoing cases. We think a smaller sum should have been required of petitioner.
Smaller sums have been set in similar cases. In United States v. Perrone, 413 F. Supp. 861 (S.D.Fla. 1976), bond for two defendants who were dangerous to the community was set at $300,000. One defendant was under investigation for murder and had engaged in extortion by beating as well as using 15 and 16-year-old girls for prostitution. The other was a Turkish citizen, a previously convicted felon and an accessory before the fact to murder. Both defendants had been found guilty of conspiring to distribute large quantities of cocaine. In addition to the bail, the court imposed severe conditions of release, including surrender of passports, restriction on the mode and place of travel, daily reporting to the probation office and prohibition against possession of firearms. Bail of $100,000 was held not to be excessive in State ex rel. Smith v. Untreiner, supra, for possession of marijuana, conspiracy to commit burglary and possession of burglary tools.
$500,000 was held to be excessive in Rodriguez v. State, 305 So.2d 305 (Fla. 2d DCA 1974), as was $250,000 in Matera v. Buchanan, 192 So.2d 18 (Fla. 3d DCA 1966). Neither case recites the charge against the defendant, but in both cases the appellate courts remanded proceedings to the trial court or granted the petition with directions that a new hearing be held on the reasonableness of the bail previously set. We believe such procedure to be applicable here, particularly since we have not been advised as to how much of the $500,000 is attributable to each of the respective charges.
Under the particular facts we find the amount of $500,000 bail is excessive. We therefore grant this petition for writ of habeas corpus and make it returnable before the trial judge so that a new determination of reasonable bail in a reduced amount may be made. Such determination shall be held forthwith, in accordance with the criteria recited herein. The parties may be given an opportunity to present additional evidence should the trial court deem it necessary.
IT IS SO ORDERED.
HERSEY and HURLEY, JJ., concur.