453 So.2d 1198 (1984)
Emilio Aparaca FLORES, Petitioner,
v.
The Honorable Patricia W. COCALIS, Respondent.
No. 84-1264.
District Court of Appeal of Florida, Fourth District.
August 15, 1984.
Charles F. McCloskey, Jr., of Richard R. Kirsch, P.A., Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
ANSTEAD, Chief Judge.
This is a petition for issuance of a writ of habeas corpus seeking review of the trial court's order setting petitioner's pretrial bail bond in the amount of $125,000. The court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(3) and 9.100(a).
The petitioner, Emilio Aparaca Flores, was arrested on March 31, 1984 on charges of conspiracy to traffic in cocaine and trafficking in cocaine. Bond was set at $250,000 for each count. On April 9, 1984 Flores filed a motion to reduce bail. At the hearing on April 19, 1984 the state chose to file only one count of trafficking in cocaine and bond was reduced, automatically, to $250,000. The court heard testimony as to Flores' ties to the community and the court found that they were not strong. Nevertheless, bond was reduced to $125,000. Flores asserts in his petition that this is far in excess of his means or that of his family and thus it is tantamount to a denial of a reasonable bond. On June 5, 1984 a second motion to reduce bond was heard before Judge Cocalis. The judge declined to hear *1199 additional testimony and denied the motion to reduce bond noting that she had been "burned" on three prior occasions by the disappearance of individuals whose bonds she had reduced. Flores submits that the fact that others have not honored their legal commitments should not prejudice his being granted a reasonable bond. We agree with Flores on that point but do not believe he had demonstrated error in the trial court's action here.
Flores simply argues that since he has established that he cannot pay for a bond set at $125,000, such bond is unreasonable. Flores also argues that he has sufficient ties to the community to assure his remaining for an appearance at future court proceedings. The state argues that the proof is evident and the presumption is great that Flores is guilty of the crime as evidenced by a detailed five-page police report admitted into evidence. Neither Flores nor any member of his family owns property in the state. Neither he nor his wife has permanent employment. He is a citizen of Honduras and his parents reside there. The testimony at the April 19th hearing showed that Flores has a wife and child and that they have resided in South Florida for 10 years. Flores' son attends school in Miami and his wife works part time and is studying cosmetology. Flores was unemployed at the time of his arrest but testified he has been offered employment by a relative upon his release from jail. Flores has never been arrested prior to this incident and has no criminal record in the United States or in his native country, Honduras. Flores also testified he is a churchgoer.
Appellate and trial courts have had considerable difficulty with the issue of bail and especially with the issue of the extent that money bail may be utilized to secure a defendant's appearance. Jones v. Cunningham, 126 Fla. 333, 170 So. 663 (1936). Both the state and Flores cite Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980), in support of their positions. In Good the Fourth District Court of Appeal held that there are several factors to be considered in determining the amount of bail:
In addition to the defendant's financial circumstances, there are numerous criteria to be considered in setting bail and each case is dependent upon its individual facts. Factors to be considered in determining the amount of bail include the nature of the offense and the penalty for it, the character and strength of the evidence or probability of guilt, the probability of the accused appearing at trial, his accessibility to means of flight, his family ties and employment, the length and stability of his residence in the community, the prior record of the accused in responding to process, whether the accused was a fugitive from justice when arrested, whether the accused is under bond for appearance at trial in other cases, his respect for the law, the accused's character and reputation, and the state of his health. Stansel v. State, 297 So.2d 63, 66 (Fla. 2d DCA 1974); State ex rel. Smith v. Untreiner, supra [246 So.2d 158] at 160 [Fla. 1st DCA 1971].
382 So.2d at 410.
It is the function of this court to weigh the reasonableness of the trial court's determination as to the conditions of petitioner's bail based upon the evidence that was before the trial court and the factors set out in Good v. Wille, supra. In our view error has not been demonstrated. Among the factors that the trial court could consider was that Flores was unemployed at the time of his arrest and only has the promise of a job if he is released. Further, he owns no property in the state and has only lived in apartments here. He is a citizen of Honduras and his parents live there. If he is convicted he faces a 15-year mandatory minimum prison term and a fine of $250,000. These are all factors indicating that Flores' ties with Florida are not secure and that he has both the incentive, in the form of the possible penalties to be imposed, as well as the availability of a place, his homeland, to possibly flee if the cost of fleeing is not made substantial. In addition, although no formal preliminary determination was made of Flores' guilt, the state placed before the trial court a detailed report indicating the existence of *1200 considerable evidence against him. There is no evidence to the contrary. This alleviates somewhat the seemingly unfair consequence of Flores being incarcerated before he has been found guilty of a crime.
In Good v. Wille, supra, the evidence showed that the petitioner was a local resident who resided in a condominium apartment which he owned. He further testified that he was self-employed in a part-time one-man rug business and had $7,000 in a bank account. These facts distinguish Good from the case at bar.
Accordingly, we hold that the decision of the trial court has not been demonstrated to be erroneous and we deny the petition for writ of habeas corpus.
LETTS and DELL, JJ., concur.