473 So.2d 302 (1985)
David William FRETWELL, Petitioner,
v.
Honorable R.T. "Tim" DOBECK, Sheriff of Indian River County, Florida, Respondent.
No. 85-1386.
District Court of Appeal of Florida, Fourth District.
August 7, 1985.
Charles A. Sullivan, Jr., of Sullivan, Sullivan, LaJoie & Thacker, Vero Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for respondent.
LETTS, Judge.
This defendant, charged with trafficking in cannabis in excess of one hundred pounds, is in jail because he cannot make a $150,000 bond. He now files this petition for a writ of habeas corpus. He has never been convicted of, or even charged with, a prior crime and is a lifelong resident of this particular judicial circuit. He has steady gainful employment there and his mother, father, brother and two sisters also live in the community.
Perhaps most importantly, the record, so far, does not reflect a strong case against him. The defendant was a passenger in a small plane, flying without lights at night, which was being shadowed by law enforcement aircraft. Apparently, unidentifiable objects were seen to be jettisoned from the plane over water and never recovered. Law enforcement presumles the objects were contraband and we would agree that is probably a safe assumption. However, the record is devoid of any proof as to the identity of the objects except for the discovery, after minute search of the plane, of one lone marijuana seed. Finally, this defendant demonstrated that he could not come up with a $150,000 bond.
We are reluctant to trespass in an area normally left to the trial judge's discretion, but we conclude that the trial judge should substantially reduce this bond in accord with the precepts of Judge Glickstein's exhaustive opinion in Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980).
Accordingly, we grant the writ, make it returnable before the circuit court and remand this cause for a further, and immediate, bond reduction hearing at which time the judge must set reasonable bail, unless it can be shown that the circumstances have substantially changed.
WRIT GRANTED AND CAUSE REMANDED.
DELL and WALDEN, JJ., concur.