540 So.2d 946 (1989)
Jake RAWLS, Petitioner,
v.
STATE of Florida, Respondent.
No. 89-570.
District Court of Appeal of Florida, Fifth District.
April 12, 1989.
Frances S. King of Office of Howard H. Babb, Jr., Public Defender, Fifth Circuit, Ocala, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for respondent.
ORFINGER, Judge.
Petitioner, Jake Rawls, seeks a writ of habeas corpus following the denial of his motion for bail bond reduction. Petitioner is presently incarcerated in the Marion County Jail under a bond of $20,000 for the charges of possessing cocaine and cannabis. Respondent, the State of Florida, does not dispute that petitioner has been adjudicated indigent and has substantial ties to the community. At the bond reduction hearing, there was uncontroverted evidence that petitioner had no prior arrests, and lived with his parents until his arrest and confinement. Petitioner testified that he could not post bond in the amount set by the court. There was no showing that petitioner would likely flee the court's jurisdiction. The trial court, though, refused to reduce bail below $20,000, which amount conforms to the bond schedule in Marion County for offenses involving possession of crack cocaine. The trial court stated, "[M]y bond stays the same as it is on all cases with crack, $20,000.00."
Although bond schedules serve a valid purpose, they may not provide a justification for excessive bail. Reductions in *947 bond must be made on a case-by-case basis with full consideration of the legally relevant factors. See Payret v. Adams, 471 So.2d 218 (Fla. 4th DCA 1985). Such factors include an accused's financial resources, family ties, employment history, length and stability of his residence in the community, past criminal convictions, and record of appearing or failing to appear at prior court proceedings. See § 903.046, Fla. Stat. (1987); Rule 3.131(b)(3), Fla.R. Crim.P.; Fretwell v. Dobeck, 473 So.2d 302 (Fla. 4th DCA 1985); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980); Stansel v. State, 297 So.2d 63 (Fla. 2d DCA 1974).
An accused who seeks a reduction in bail must adduce evidence sufficient to overcome the presumption of correctness of the trial court's order. See State ex rel. Smith v. Untreiner, 246 So.2d 158 (Fla. 1st DCA 1971), review denied, 250 So.2d 643 (Fla. 1971). Strict adherence to the bond schedule in the instant case constituted an abuse of discretion, as petitioner presented evidence showing entitlement to a reduction in bail. Cf. Puffinberger v. Holt, 14 F.L.W. 764 (Fla. 4th DCA Mar. 23, 1989). Evidence of petitioner's indigency, family ties, long-term residence in the community, and lack of a criminal record were sufficient to show that bail in the amount of $20,000 was excessive. Cf. Crabb v. Carson, 189 So.2d 376 (Fla. 1st DCA 1966).[1] We therefore grant the petition and remand this case for the circuit court to reduce petitioner's bail not to exceed $5,000.
Petition GRANTED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Excessive bail, depending on the financial resources of the defendant, is tantamount to no bail. See Good v. Wille, supra; State ex rel. Bardina v. Sandstrom, 321 So.2d 630 (Fla. 3d DCA 1975).