POLEN, Judge.
Petitioner Marisita Nicholas has filed a petition for writ of habeas corpus claiming that her bad in the amount of $100,000.00 is excessive. We grant the petition.
Within the same hearing the trial court increased the amount of bad from $30,-000 to $100,000 after hearing testimony which indicated that petitioner possessed assets other than those the trial court considered earlier at the hearing. The value or the liquidity of these other assets was not explored. Additionady, the increase does not seem to have been prompted by any testimony in connection with the purposes of bad and its criteria. See § 903.046(1), Fla.Stat. (1995); Fla.R.Crim.P. 3.131(b)(3). The purpose of bad is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant. Id.
Accordingly, based on our review of the transcript and the unique facts of this case as revealed in the transcript, we grant the petition for habeas corpus and return it to the trial court so that a new determination of reasonable bad in a reduced amount may be made. Alvarez v. Crowder, 645 So.2d 63 (Fla. 4th DCA 1994); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). This opinion should not be construed as limiting a trial court’s discretion to increase bad upon the appropriate criteria. The trial court may also consider any other conditions of pretrial release that it deems appropriate.
DELL and SHAHOOD, JJ., concur.