707 So.2d 946 (1998)
Darryll PATTERSON, Petitioner,
v.
Robert NEUMAN, Sheriff of Palm Beach County, Respondent.
No. 98-0916.
District Court of Appeal of Florida, Fourth District.
March 19, 1998.
*947 Jack A. Fleischman of Fleischman & Fleischman, P.A., Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner Darryll Patterson has filed a petition for writ of habeas corpus claiming that his bail of $100,000 is excessive. We grant the petition.
Petitioner filed a motion to set bond after his arrest for sexual offenses on a child. He was not charged with a capital offense or one punishable by life in prison. In his motion, he alleged that he had strong family ties, no prior criminal history, was not a flight risk or danger to the community, and he suggested that conditions of bond could be set so that he would have no contact with the alleged victim.
At the hearing on his motion, petitioner's counsel represented that petitioner would reside with his mother, his grandmother, and his wife in Belle Glade; that he owned his home; that he was employed as a correctional officer on leave; and that he and his family could post a bond of between $10,000 and $15,000. The state did not contest petitioner's representations.
The assistant state attorney only argued that the probable cause affidavit identified a confession to the crime by petitioner and that, as a law enforcement officer, petitioner presumably knew that he was violating the law. The assistant state attorney asked that bond be set at $100,000. The trial court thereupon set bond at $100,000 without further comment.
The evidence at this hearing was insufficient as to any of the criteria for bond determinations as set forth in section 903.046, Florida Statutes (1997), and Rule 3.131(b)(3), Florida Rules of Criminal Procedure, except for the nature of the offense charged. Although we recognize that this was a sexual offense on a child, who was age twelve, we reiterate that petitioner is not being charged with a capital offense or one punishable by life in prison.
The purpose of bond is to ensure the appearance of a criminal defendant at subsequent proceedings and to protect the community from unreasonable danger from the defendant. Where, as here, the evidence at a bond hearing is insufficient on these concerns and the other criteria, including whether the accused can meet bond conditions, then habeas corpus should be granted and the cause returned to the trial court for a new determination. See Nicholas v. Cochran, 673 So.2d 882 (Fla. 4th DCA 1996); Alvarez v. Crowder, 645 So.2d 63 (Fla. 4th DCA 1994); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980).
Accordingly, we grant the petition for writ of habeas corpus and remand to the trial court for a new determination on reasonable bond. This opinion should not be construed as limiting the trial court's discretion to impose bond in an amount greater than the standard or schedule sum upon consideration of the appropriate criteria. It would be helpful, for purposes of appellate review, if the trial court would make findings after hearing the evidence on bond criteria, when it resets the amount of bond.
WARNER, KLEIN and STEVENSON, JJ., concur.