745 So.2d 412 (1999)
Brandon T. MARTIN, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida, Respondent.
No. 99-2985.
District Court of Appeal of Florida, Fourth District.
October 27, 1999.
*413 Marianne S. Rantala, Boca Raton, for petitioner.
No response required for respondent.
PER CURIAM.
Brandon T. Martin sought habeas corpus relief from his detention and bond set at $50,000 pending his retrial on a charge of burglary. This court previously issued an order granting the petition and remanding for an evidentiary hearing on Martin's financial resources and all other appropriate criteria. We stated that an opinion would follow.
We write only to explain our reasons for granting habeas corpus relief in this case. Briefly stated, after petitioner's conviction was reversed and remanded for a new trial following his successful appeal, the trial court imposed bond pending retrial at $50,000. The charge for retrial was burglary. The original bond was $5,000, and supersedeas bond on appeal was $20,000. The trial court set the new bond at $50,000 based on certain circumstances involving petitioner's failure to be present in the courtroom at the time his case was called during a calendar call, his recent changes of residence, and some of the other standard criteria for bond. However, the trial court heard no evidence as to his financial resources.
Petitioner argued that his new bond is excessive, noting that he recently had been declared partially indigent for purposes of payment of court costs.
Although a trial court's ruling on bail is entitled to a presumption of correctness, an appellate court will grant relief where the petitioner demonstrates that the amount of bail set is unreasonable under the circumstances. See Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980); Fretwell v. Dobeck, 473 So.2d 302 (Fla. 4th DCA 1985). It is also settled that excessive *414 bond, depending on the financial resources of the defendant, is tantamount to no bond at all. Mesidor v. Neumann, 721 So.2d 810 (Fla. 4th DCA 1998); Cameron v. McCampbell, 704 So.2d 721 (Fla. 4th DCA 1998); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). That is why evidence of financial resources of the defendant must be heard and taken into consideration before bond is set.
Where the evidence at a bond hearing is insufficient on this criteria, habeas corpus should be granted and the cause returned to the trial court for a new determination. Patterson v. Neuman, 707 So.2d 946 (Fla. 4th DCA 1998).
Accordingly, we grant the petition for writ of habeas corpus and return it to the trial court for a new determination of reasonable bond after an evidentiary hearing on the petitioner's financial resources and all other appropriate criteria.
PETITION FOR WRIT OF HABEAS CORPUS GRANTED AND CAUSE REMANDED.
WARNER, C.J., FARMER and TAYLOR, JJ., concur.