PER CURIAM.
Petitioner Daniel Patrick Donohue filed a petition for writ of habeas corpus. His petition seeks review of the trial court’s order setting his pretrial bail bond in the amount of $250,000 on four separate cases involving indecent assault on a child under sixteen years of age of four separate victims. This court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(3) and 9.100(a).
During the investigation which led to Donohue being charged in the four cases on March 26,1997, he fled the country and was ultimately located in the Philippines in January, 2000. While at-large, capiases were issued for Donohue’s arrest.
On June 8, 2000, Donohue filed a motion to set bail. At the hearing to set bail on July 14, 2000, Donohue’s counsel advised the trial court about Donohue’s ties to the community, and that his sister lives in Broward County. In contrast, the state informed the trial court that Donohue fled the country while the investigation of the charges was pending. Donohue was ultimately traced to the Philippines and in January, 2000, when Donohue attempted to renew his VISA in the Philippines, he was detained.
At that time, Donohue ingested drugs in an attempt to commit suicide. As a result of the unsuccessful suicide attempt, Dono-hue fell into a coma and suffered a partial stroke. Wflien Donohue awoke from the coma, he was interviewed by the FBI and law enforcement in the Philippines. During that interview, Donohue revealed that since leaving the United States in 1997, he had traveled around the world visiting friends, frequently used alias names, and he always carried the drugs he took in his suicide attempt to use in the event he was arrested.
Donohue further stated that he had set up various bank accounts throughout the world over the past three years. Wflien Donohue was arrested in the Philippines, authorities found several financial documents which indicated that he had huge sums of money, and bank books showing certificates from the Far East Bank & Trust Company. After his arrest, the authorities confiscated Donohue’s passport.
Finally, the state advised the trial court that Donohue has been convicted of sex offenses against children for which he served a prison term in the mid-1980’s.
On balance, the trial court found that based upon the nature of the charges, that Donohue had been previously convicted of similar charges, that he faced an extraordinary amount of prison time, and that he fled the country to avoid prosecution, his bond would be set at $250,000 on each case. Donohue argues that since the state did not establish that he can pay for a bond set at $250,000, such bond is unreasonable.
Appellate and trial courts have had considerable difficulty with the issue of bail and especially with the issue of the extent that cash bail may be utilized to secure a defendant’s appearance. See Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). In Good, this court identified factors to be considered in setting bail:
In addition to the defendant’s financial circumstances, there are numerous criteria to be considered in setting bail and each case is dependent upon its individual facts. Factors to be considered in *971 determining the amount of bail include the nature of the offense and the penalty for it, the character and strength of the evidence or probability of guilt, the probability of the accused appearing at trial, his accessibility to means of flight, his family ties and employment, the length and stability of his residence in the community, the prior record of the accused in responding to process, whether the accused was a fugitive from justice when arrested, whether the accused is under bond for appearance at trial in other cases, his respect for the law, the accused’s character and reputation, and the state of his health.
Id. at 410 (citing Stansel v. State, 297 So.2d 63, 66 (Fla. 2d DCA 1974)).
In our view, petitioner has demonstrated no error in the trial court’s ruling. Among the factors that the trial court properly considered were that Donohue fled during the investigation and remained at-large for three years. Also, Donohue had access to money abroad and admitted to the FBI that he had used aliases. Finally, if convicted, Donohue faces an extraordinary amount of prison time, especially in light of his prior conviction for a similar crime.
Accordingly, we deny the petition for writ of habeas corpus.
SHAHOOD, GROSS and TAYLOR, JJ„ concur.