PER CURIAM.
This is a petition for writ of habeas corpus seeking relief in relation to the trial court’s order imposing a $25,000 bond, and the court’s denial of petitioner’s motion for bond reduction. Petitioner was arrested for a first-degree felony and a misdemean- or, and thereafter posted bond, which was set at $10,000. The state then announced that the felony was being reduced to a third-degree felony, and the misdemeanor dropped. The state accordingly filed its information charging the third-degree felony. There is no indication that the petitioner was given notice of the down-filing.
At petitioner’s arraignment, petitioner’s counsel requested a new bond or release-on-recognizance based on petitioner’s having posted the original $10,000 bond. The court set the bond at $25,000 based on petitioner’s priors.
Petitioner thereafter filed a motion for a bond reduction or release-on-recognizance, stating that he is financially unable to post the $25,000 bond. The matter went before the judge, who refused to consider the motion absent a change in circumstances since the time the $25,000 bond was set.
Although the trial court had the authority to set a new bond on the new charge as eventually filed, the court could not do so without giving petitioner notice that bond was to be set on the new charge at the arraignment. See Boyd v. Jenne, No. 4D01-390, — So.2d -, 2001 WL 180450 (Fla. 4th DCA Feb. 7, 2001). There is no indication in this case that the petitioner was given such notice. Also, the fact that petitioner at arraignment requested a lower bond upon learning of the down-filing did not remove the notice requirement.
Further, where the evidence at a bond hearing is insufficient concerning the financial resources of the defendant, habeas corpus should be granted and the cause returned to the trial court for a new determination. See Martin v. Jenne, 745 So.2d 412, 414 (Fla. 4th DCA 1999) (citing Patterson v. Neuman, 707 So.2d 946 (Fla. 4th DCA 1998)). Clearly, the evidence as to financial resources was insufficient in this case because the issue was never even discussed.
Accordingly, we grant the petition for writ of habeas corpus, quash the trial court’s order imposing the $25,000 bond, and remand this case to the trial court for a new determination of reasonable bond after an evidentiary hearing on petitioner’s financial resources and all other appropriate criteria.
WARNER, C.J., POLEN and TAYLOR, JJ., concur.