916 So.2d 946 (2005)
Roberto CAMARA, Petitioner,
v.
The STATE of Florida, Respondents.
No. 3D05-2749.
District Court of Appeal of Florida, Third District.
December 2, 2005.
*947 Dray, Cabrera & Zacca, and Roger Cabrera, Miami, for petitioner.
Charles J. Crist, Jr., Attorney General, for respondents.
Before LEVY, RAMIREZ, and SUAREZ, JJ.
PER CURIAM.
Roberto Camara seeks habeas corpus relief from his detention and bond set at $5,000,000 pending his trial on a charge of first degree murder set after an Arthur hearing at which the trial court found that the proof was not evident and the presumption not great. We hereby grant the petition and remand for a full evidentiary hearing on Camara's financial resources and all other appropriate criteria.
The bond amount in this case was set after a cursory hearing at which the court took testimony from the petitioner's sister, Cristina Camara, and the sister's live-in boyfriend regarding the various assets owned by the family. Petitioner's sister lives with Julio Varela who testified that he owns a contracting business worth $5,000,000, but he never offered to place his business as surety for Camara's bond, nor does he have any obligation to do so. This is the same amount used by the judge to set a bond, together with ordering house arrest and ordering petitioner stay away from his children. No testimony was elicited as to petitioner's financial assets nor his ties to the community.
Petitioner argues that his bond is excessive. Although a trial court's ruling on bail is entitled to a presumption of correctness, an appellate court will grant relief where the petitioner demonstrates that the amount of bail set is unreasonable under the circumstances. See Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980); Fretwell v. Dobeck, 473 So.2d 302 (Fla. 4th DCA 1985). It is also settled that excessive bond, depending on the financial resources of the defendant, is tantamount to no bond at all. Winer v. Spears, 771 So.2d 621, 622 (Fla. 3d DCA 2000); Mesidor v. Neumann, 721 So.2d 810 (Fla. 4th DCA 1998). That is why evidence of financial resources of the petitioner must be heard and taken into consideration before bond is set. Martin v. Jenne, 745 So.2d 412 (Fla. 4th DCA 1999). Where the evidence at a bond hearing is insufficient on this criteria, habeas corpus should be granted and the cause returned to the trial court for a new determination. Patterson v. Neuman, 707 So.2d 946 (Fla. 4th DCA 1998).
Accordingly, we grant the petition for writ of habeas corpus solely to the extent that we remand the cause back to trial court for the purpose of holding an evidentiary hearing on the petitioner's financial resources and all other appropriate criteria. Nothing in this order shall be construed as directing or mandating the release of the petitioner prior to further *948 determination made by the trial court based on this order.
Petition for Writ of Habeas Corpus granted and cause remanded. This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing.