PER CURIAM.
 

 Petitioner, Dwight Best, filed a petition for writ of habeas corpus asserting that the pretrial bail set in his criminal case was tantamount to no bond and bond should be reduced. We agreed that the writ should issue and the petition was granted by order, with this opinion to follow.
 

 Petitioner was originally arrested for attempted murder of a law enforcement officer, aggravated assault of a law enforcement officer, fleeing and eluding, reckless driving, and driving while license was suspended. No bond was originally set for the attempted murder offense and $100,000, $100,000, $10,000, and $10,000, were set respectively for the remaining offenses. At first appearance, the court set bond on the attempted murder charge at $100,000 and left the remaining bond amounts undisturbed, with a total bond amount of $320,000. Subsequently, the State filed an information charging Petitioner only with aggravated assault, fleeing and eluding, and driving while license was suspended. As a consequence of the State’s abandonment of the attempted murder charge, counsel for Petitioner filed a motion to reduce bond. The motion was heard by the trial court, with Petitioner
 
 *135
 
 arguing that, based on his financial situation, a $320,000 bond was excessive and amounted to no bond at all.
 

 During the hearing, the trial court inquired as to whether the State might want to establish that “proof was evident and presumption was great in an Arthur
 
 [1]
 
 hearing,” in order to set “no bond.” The defense objected, asserting that the life felony charge had been abandoned. There was then discussion regarding a possible attempt by the State to revoke bond pursuant to section 907.041, Florida Statutes, since aggravated assault is a “dangerous crime.”
 
 [2]
 
 However, these suggestions by the trial judge did not go any further. The trial court then denied the motion to reduce bond, stating that Petitioner was an unreasonable danger to the community based on the fact that the offenses involved violence against a law enforcement officer.
 

 A subsequent hearing was held after Petitioner filed a motion to disqualify the trial judge. During that hearing, which resulted in the judge’s granting of the motion to disqualify, the judge explained his earlier denial of the motion to reduce bond:
 

 [A] high bond is really no bond for this Defendant unless he’s — and I don’t think the wealthy should be receiving preference over anyone else.
 

 And so that’s why I made that suggestion to the State, that if they really felt he was dangerous to the community, which was the argument made to me, I believe that the appropriate motion really would be a no bond as opposed to just asking me to keep a high bond.
 

 [[Image here]]
 

 My thinking was he could not come up with the amount of that bond and I — in essence, what I was doing was no bonding him by the amount of his bond.
 

 It is clear from these statements that it was the trial judge’s intent to set a bond that was unattainable for Petitioner based on his financial circumstances in order to keep him incarcerated.
 
 [3]
 
 The court abuses its discretion when it sets an excessive bail that is designed to be the functional equivalent of no bail.
 
 See Good v. Wille,
 
 382 So.2d 408, 410 (Fla. 4th DCA 1980). As such, Petitioner is entitled to a new bond hearing before the successor judge.
 
 [4]
 

 PETITION GRANTED.
 

 GRIFFIN, EVANDER and COHEN, JJ., concur.
 

 [1]
 

 .
 
 State v. Arthur,
 
 390 So.2d 717 (Fla.1980).
 

 [2]
 

 . Petitioner was out on bond for separate misdemeanor cases at tire time of the offenses in this case.
 

 [3]
 

 . In the State’s response to Petitioner, although they contend that bond was not excessive, considering the severity of the crimes charged and the criminal history of Petitioner, they concede that "this court may have concerns based on the events that followed the bond hearing.”
 

 [4]
 

 .We have been informed that the trial court has already conducted such a hearing and has reduced the bond.