DAMOORGIAN, J.
Appellant, Peter Roussonicolos, appeals his judgment and sentence for organized scheme to defraud. Roussonicolos raises a number of points on appeal in connection with the trial court’s rulings on evidentiary matters. One of the issues raised is whether the trial court incorrectly ruled that Roussonicolos’ co-defendant’s prior testimony exonerating Roussonicolos was inadmissible. We hold that the trial court reversibly erred in ruling that the prior testimony was inadmissible and remand for a new trial. We find no merit to Roussonicolos’ other points on appeal.
Roussonicolos and his co-defendant, Seamus Limato, worked together in Rous-sonicolos’ business. At some point during their business relationship, Roussonicolos and Limato were charged with organized scheme to defraud over $20,000. The essence of the State’s case was that Rous-sonicolos and Limato were writing bad checks to themselves and each other, depositing them, and then withdrawing the funds before the payee bank discovered that the checks had been drawn on accounts that had insufficient funds. The trial was severed, and Roussonicolos’ theory of defense was that Limato acted alone, and without Roussonicolos’ knowledge or consent.
In support of his defense, Roussonicolos attempted to introduce a transcript of his bond hearing containing Limato’s sworn testimony.[1] According to Limato, he was serving as a middle man selling products for Roussonicolos’ business. Limato would arrange sales, and then purchase products from Roussonicolos to fill the orders. Roussonicolos, in turn, would pay commissions to Limato. Limato had written a number of bad checks to Roussonicolos, on the belief that his customers’ checks, which he deposited into his own account, were good. Roussonicolos had thereafter written checks to Limato for commissions earned on the sales and for consulting work. However, because Limato’s checks to Roussonicolos were bad, Roussonicolos had no money in his account to cover his checks to Limato. As a result, both Lima-to’s and Roussonicolos’ accounts had large deficiencies. Most importantly, Limato admitted that he was solely responsible for the bad checks and that Roussonicolos was unaware that the checks were drawn on accounts with insufficient funds.
By the time Roussonicolos went to trial, Limato had invoked his Fifth Amendment right against self-incrimination and was unavailable to testify. When Roussonico-los attempted to introduce the transcript of Limato’s testimony, the State objected on hearsay grounds. Roussonicolos responded that Limato’s testimony fell with *240 in the former testimony exception to the hearsay rule. The State countered that the prosecutor at the VOP status hearing had not had a full opportunity to cross-examine Limato. The trial court sustained the objection, in part relying upon the mistaken belief that the charges against Roussonicolos had not been filed at the time of the hearing.[2]
The standard of review of a trial court’s ruling on the admission of evidence is abuse of discretion. However, the court’s exercise of its discretion is limited by the rules of evidence. Hudson v. State, 992 So.2d 96, 107 (Fla.2008).
Section 90.804(2)(a), Florida Statutes (2007) provides that so long as the declarant is unavailable to testify, his/her testimony will not be excluded if it is:
(a) Former testimony. — Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.
It is undisputed that by invoking his Fifth Amendment right against self-incrimination, Limato was unavailable to testify. Henyard v. State, 992 So.2d 120, 126 n. 3 (Fla.2008). We therefore turn to whether the State had an opportunity and similar motive to develop Limato’s testimony on cross examination.
In Garcia v. State, 816 So.2d 554 (Fla.2002), the Supreme Court applied the “similar motive” test where the defendant sought to introduce the prior testimony of his co-defendant who was unavailable to testify at the defendant’s own trial. Garcia and his co-defendant, who were charged with murder, had their trials severed. Id. at 557 n. 2. The co-defendant was tried first, and he provided testimony at his own trial that tended to exonerate Garcia. Id. at 557. However, he invoked his Fifth Amendment right during Garcia’s trial and refused to testify. Id. at 564. Garcia attempted to admit the transcript of his co-defendant’s testimony, but the trial court denied the request. Id. On appeal, the Supreme Court reversed the trial court concluding that under the statute, an “identical” motive was not required, but merely a “similar” one. Id. The court considered the State’s motive at both trials to be similar. In both instances, the motive was “to discredit [the witness’s] testimony and show it to be not worthy of belief.” Id. at 565. The court went on to say
[m]oreover, the failure to allow the jury to hear this testimony deprived the jury of important additional evidence that could have been critical to assessing Garcia’s guilt. Indeed, where Garcia’s alleged involvement in the crimes hangs on the testimony of one individual-Rib-era-the jury was entitled to consider the testimony of the [co-defendant], who took the stand in his own trial and specifically testified that Garcia was not involved in these murders. In this case, to prevent the jury from, hearing the prior recorded testimony of [the co-defendant], which the State subjected to cross-examination, is to apply the hearsay rule “mechanistically to defeat the ends of justice.” For all these reasons, the exclusion of [co-defendant’s] prior sworn testimony constituted error, *241 which ... was not harmless beyond a reasonable doubt.
Id. at 555-56 (citation omitted).
The State argues that Limato’s former testimony should be inadmissible because the scope of inquiry conducted at the bond hearing bore little resemblance to scope of the examination at trial.[3] In support of its argument, the State relies on Nazworth v. State, 352 So.2d 916 (Fla. 1st DCA 1977).
In Nazworth, the court determined that previous testimony against a defendant was not admissible because it had been secured through threats, and because it was given at a bond hearing. The court went on to say that “[t]he extensive redirect of [the witness] by the state after the limited cross-examination by [defendant’s] counsel did not afford defendant an opportunity for proper cross that would have been available had [the witness] testified at trial.” Id. at 918. The State argues that it likewise lacked “an opportunity for proper cross that would have been available had [the witness] testified at trial.” We reject the application of Naz-worth to this case.
We do not read Section 90.804(2)(a) to require that, in order for prior testimony to be admitted as an exception to the hearsay rule, the opponent of the evidence must have the same motivation to examine the witness in both the prior proceeding and the one in which the prior testimony was being introduced. Nor, as the State suggests, must the scope of inquiry conducted at the bond hearing be the same as the scope of the examination at trial. Garcia, 816 So.2d 554. To require such a high standard would render this hearsay exception useless.
There appear to be no Florida cases addressing the applicability of section 90.804(2)(a) where the prior testimony was provided at a bond hearing. Roussonicolos cites to two Texas cases that address this issue. O’Neal v. Johnson, 54 F.Supp.2d 695, 698 (S.D.Texas 1999); Ward v. State, 910 S.W.2d 1 (Tex.Ct.App.1995). Both cases interpret the “former testimony” provision in the Texas evidence code, which is strikingly similar to the Florida statute section 90.8.02 at issue in this case, Texas Rule of Criminal Evidence 804(b)(1).[4] Both statutes contain the “opportunity and similar motive” language which is the subject of our case.
In Ward, the State sought to introduce the prior testimony of the victim, a minor, who at trial refused'to testify about the criminal acts perpetrated upon her by the defendant. Ward, 910 S.W.2d at 2. Over the defendant’s objection, the State moved to introduce a transcript of the victim’s prior sworn testimony given at a bond revocation hearing. Id. The trial court allowed the transcript to be introduced. Id. On appeal, the defendant argued that it *242 was improper to allow the introduction of the victim’s prior testimony from the bond hearing since the defendant would not have had a similar motive to develop the victim’s testimony at the bond hearing. Id. at 3. In concluding that the trial court correctly allowed the introduction of the victim’s prior testimony, the Texas Court of Appeals reasoned that
Rule 804(b)(1) does not require that in order for prior testimony to be admitted as an exception to the hearsay rule the opponent of the evidence have had an identical motive to challenge the testimony at the prior proceeding as he now has at trial. It requires only that he have had a “similar” motive. “[N]either the form of the proceeding, the theory of the case, nor the nature of the relief sought need be the same.” (citation omitted). “[0]nly the particular issue as to which the testimony was first offered must be substantially similar to the issue upon which offered in the current action.” (citations omitted). As with opportunity, similar motive vel non must be determined on a case-by-case basis, according to the particular facts and circumstances.
Id. at 3 (citations omitted).
Similarly, in O’Neal the defendant attempted, over the State’s objection, to introduce the prior testimony at his bond reduction hearing of an alibi witness who became unavailable to testify at defendant’s trial. O’Neal, 54 F.Supp.2d at 695. The trial court sustained the State’s objection and the defendant was found guilty of the criminal charges. On a habeas petition before the United States District Court, the defendant argued that his Sixth Amendment right to compel the testimony of a material witness was violated when the trial court refused to permit the introduction of the prior testimony of defendant’s alibi witness who was unavailable for trial. Id. at 698. In granting the petition, the court reasoned:
Rule 804(b)(1) of the Texas Rules of Criminal Evidence, just like its federal counterpart, provides that testimony given at a prior hearing is admissible if the declarant is unavailable and the party against whom the testimony is offered had an opportunity and a similar motive to develop the testimony by examination of the witness/declarant at the jprior hearing_[T]he state had cross-examined Williams at the prior hearing on the bond reduction and given the extreme exculpatory nature of her testimony, it certainly had the motive, whether acted upon or not, to fully develop her testimony. Indeed, her testimony, if true, established O’Neal’s innocence and was fatal to the prosecution.
Id. (citations omitted). We find the decisions in Ward and O’Neal to be persuasive and adopt the reasoning of both courts.
In the instant case, the purpose of the hearing was for the court to consider whether Roussonicolos should be released and, if so, what conditions should be imposed pending his final VOP trial. Therefore, the trial court necessarily would have been concerned with whether the State had a prima facie case in order to determine whether Roussonicolos was a flight risk. § 903.046(2)(b), Fla. Stat. (2007); Good v. Wille, 382 So.2d 408, 410 (Fla. 4th DCA 1980) (holding that one of the factors to be considered in setting bail is “the character and strength of the evidence or probability of guilt”). Within this context, the State, in opposing Roussonicolos’ release, would have been motivated to proffer sufficient evidence to establish a prima facie case that Roussonicolos was guilty of the charge. The State had an opportunity *243 to cross-examine Limato at the bond hearing. It also had a “similar motive” at both the trial and the bond hearing, specifically “to discredit [the witness’] testimony and show it to be not worthy of belief’ given the exculpatory nature of Limato’s testimony. See Garcia, 816 So.2d at 565; O’Neal, 54 F.Supp.2d at 698-99.
Under the circumstances of this case, we hold that the trial court erred in concluding that Limato’s testimony did not fall within section 90.804(2)(a).
We next address whether the omission of Limato’s testimony was harmless. We conclude that it was not. The harmless error test “places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The State presented substantial evidence of Roussonicolos’ guilt. This included extensive testimony by bank personnel and pictures of Roussonicolos and Limato together while cashing some of the bad checks. Based on this evidence, the jury could have inferred that Roussonieo-los and Limato were working together to commit bank fraud. However, in Limato’s testimony at the bond hearing, he took sole responsibility for the bad checks and overdrawn bank accounts. He claimed Roussonicolos had engaged in no wrongdoing, and he provided an explanation for the evidence against Roussonicolos. Limato’s testimony was valuable not only because it tended to exonerate Roussonicolos at Li-mato’s own expense, but also because Li-mato, as Roussonicolos’ alleged principal, had unique knowledge of Roussonicolos’ role in the events.
Accordingly, Roussonicolos’ conviction and sentence are reversed and the cause remanded for a new trial.

Reversed and Remanded.

MAY and LEVINE, JJ., concur.

. Roussonicolos had been on probation. The charge, which is the subject of this appeal, resulted in his arrest on a violation of probation (VOP). At a status conference on the pending VOP, Roussonicolos' counsel requested that Roussonicolos be released on his own recognizance pending his trial on the probation violation. It was at this hearing that Limato was called to testify.

. On appeal, the State concedes that the charges had been filed one month prior to the bond hearing.

. Curiously, the State makes no reference to the statutory exception to the hearsay rule which is the subject of this appeal, relying instead on the Florida Supreme Court’s decision in Thompson v. State, 619 So.2d 261 (Fla.1993). Although Thompson was argued on constitutional grounds, the Supreme Court determined that Thompson’s confrontation rights under the Florida and United States Constitutions were not abridged so long as the party against whom the testimony is being offered had an opportunity at the prior proceeding to cross-examine the witness. Id. at 265 (citing Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)).

. Rule 804(b)(1), Texas R. Crim. Evid. provides that the following are not excluded if the declarant is unavailable as a witness:
(1) Former Testimony.... [T]estimony given as a witness at another hearing of the same or a different proceeding ... if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.”