PER CURIAM.
Richard Harrison Byrd petitions for a writ of habeas corpus, contending that the $1.7 million dollar bond set for various pending charges is unreasonable and tantamount to no bond. We conclude that under the circumstances Byrd has demonstrated that his bond is unreasonable. We grant the petition.
Byrd was arrested on a warrant that set bond for several charges, as follows:
(1) Racketeering — $500,000;
(2) Conspiracy to commit racketeering — $500,000;
*1213 (3) Dealing in stolen property— $250,000;
(4) Extortion — $250,000;
(5) Conspiracy to commit extortion— $100,000; and
(6) Insurance fraud — -$100,000.
At Byrd’s first appearance hearing these bond amounts were left undisturbed. He moved for a bond reduction and the trial court denied the motion after a hearing. Byrd now petitions this Court for a writ of habeas corpus. •
A trial court’s ruling on a motion to reduce bond is reviewed under an abuse of discretion standard. See Williams v. State, 68 So.3d 1010, 1011 (Fla. 4th DCA 2011). The trial court’s determination of bail is presumed correct, but an appellate court will grant relief where petitioner demonstrates that the bail amount is unreasonable under the circumstances. Martin v. Jenne, 745 So.2d 412, 413 (Fla. 4th DCA 1999).
Florida statutes and rules of criminal procedure set out factors that a court must consider when determining pretrial release conditions. Fla. R. Crim. P. 3.131(b)(3); § 903.046(2), Fla. Stat. (2012). The financial resources available to a defendant are one factor a court must consider. § 903.046(2)(c). Depending upon the financial resources of the defendant, excessive bond may be tantamount to no bond. Id. at 414. However, á defendant’s inability to post a certain amount of bond does not render that amount per se unreasonable. Dyson v. Campbell, 921 So.2d 692, 693 (Fla. 1st DCA 2006). Here, the trial court heard evidence at the bond hearing that Byrd has substantial financial resources. However, the fact that a defendant may have the resources to post the bond, does not make the bond amount per se reasonable.
Another, factor that the court considers is the weight of the evidence against the defendant. § 903.046(2)(b). As to the charges of racketeering and conspiracy to commit racketeering, which' together account for $1 million of the total'- bond amount, the evidence presented by the State was weak. The arrest affidavit, which was the State’s only evidence at the bond hearing, fell short of showing that Byrd was knowingly involved in the criminal enterprise, allegedly operated by' the co-defendants and that the extortion and insurance fraud offenses were not isolated incidents.
Other factors, such as Byrd’s lack of prior criminal history, the nature of the crimes, and Byrd’s ties to the community demonstrate that, under the circumstances, the total $1.7 million dollar bond set is excessive and unreasonable..
. The trial court is directed to promptly conduct a new bond hearing and: set reasonable conditions for pretrial release according to-.the applicable statutory factors.

Petition granted.

WARNER, TAYLOR and CONNER, JJ., concur.