BARNS, PAUL D., Associate Judge.
This is an appeal by the State from a final judgment quashing an information charging the appellee-defendant with the *890 unlawful use of a credit card issued to another. We reverse.
The prosecution of the appellee was commenced by the issuance of a warrant dated July 1, 1964, by the Judge of the Court of Record of Broward County, for the arrest of the appellee by delivery of the warrant to the Sheriff of Broward County on July 2, 1964. The warrant for arrest was based on an affidvait, charging the appellee with the unlawful use of a credit card. Thereafter the warrant was executed on April 3, 1967, by the arrest of the appellee and the County Solicitor filed this Information on April 18, 1967.
The trial court judge entered an order sustaining the defendant’s motion to quash the Information because, “[t]he warrant was executed some eighteen months subsequent to the return date stated therein and became functus officio and therefore Defendant’s arrest was unauthorized.” Section 901.03, F.S.1967, provides for the forms and contents of a warrant of arrest and at the end provides that “(7) In all offenses bailable as of right [the warrant] be endorsed with the amount of bail and the return day on the back of the warrant.”
It seems clear that the statutory language providing for an endorsement “with the amount of bail and the return day” relates to bail and not the “return day” of the warrant. The intent and purpose of the endorsement as to the amount of bail was to enable the arresting officer to accept proper bail without the necessity of contacting the judge to fix the amount of the bail bond. The endorsement on the back of the warrant did not go to the substance of the warrant and is only directory in nature.
The language of the endorsement is: “Bond is hereby fixed at $750.00. Return date of this Warrant to be not later than 1st day of January 1966.” We conclude that the judge misconstrued the ambiguous language of the above-quoted statutory language as being applicable to the return day of the warrant; such is not the intent of the law. The arrest does not appear to have been unlawful.
The judgment appealed is reversed for further proceedings not inconsistent herewith.
Reversed.
McCAIN and REED, J J., concur.