737 So.2d 1240 (1999)
James J. NORRIS, Jr., Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 99-957.
District Court of Appeal of Florida, Fifth District.
August 6, 1999.
Howard H. Babb, Jr., Public Defender, and Elizabeth Osmond, Assistant Public Defender, Brooksville, for Petitioner.
Hon. William T. Swigert, Ocala, Individually.
A.R. Mander, III of Greenfelder, Mander, Hanson, Murphy & Dwyer, Dade City, for Respondent Hon. Peyton Hyslop.
No Appearance for Respondent State of Florida.
COBB, J.
The petitioner, James J. Norris, Jr. seeks prohibition, mandamus or certiorari relief from an administrative order issued by the Chief Judge of the Fifth Judicial Circuit which prohibits first appearance judges in the circuit from modifying the amount of bond set by the judge who issues a criminal warrant or capias without the consent of that issuing judge. We elect to treat this petition as a petition for certiorari and quash the administrative order.[1]
*1241 The Chief Judge of the Fifth Judicial Circuit issued administrative order A99-6, which authorizes the judge who issues a capias or warrant to establish the amount of bond and prohibits any modification of the bond amount by any other judge without the consent of the issuing judge. Thereafter, an arrest warrant was issued by Circuit Judge Springstead for the arrest of the petitioner. Judge Springstead set the amount of bail in the warrant at $20,000 without authorization for the first appearance judge to modify the bond amount. At first appearance, County Judge Hyslop determined that under the circumstances $1,500 would be a reasonable bond. However, Judge Hyslop was not authorized to modify the bond under administrative order A99-6. The petitioner filed the instant petition asserting that his right to a meaningful first appearance was denied by the non-modification rule.
The petitioner's bond was subsequently reduced to $1,000 by the assigned judge, Judge Tombrink, upon a motion for bond reduction. Notwithstanding the fact that this case is moot, we have decided to determine the issue because the question presented is capable of repetition which would continue to evade review. Holly v. Auld, 450 So.2d 217 (Fla.1984); McCoy v. State, 702 So.2d 252 (Fla. 3d DCA 1997); Valdez v. Chief Judge of Eleventh Judicial Circuit, 640 So.2d 1164 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla. 1995).
Article I, Section 14 of the Florida Constitution provides that, with certain exceptions not applicable here, every person charged with a crime shall be entitled to pretrial release on reasonable conditions.[2] Florida Rule of Criminal Procedure 3.121(a)(7), provides that in all offenses bailable by right, the arrest warrant shall be endorsed with the amount of bail and the return date. The intent and purpose of this bail endorsement is to enable the arresting officer to accept proper bail without the necessity of contacting the judge to fix the amount of the bail bond. State v. Martin, 213 So.2d 889 (Fla. 4th DCA 1968). Florida Rule of Criminal Procedure 3.130(a) requires that an accused be afforded a first appearance before a judicial officer within 24 hours. Subsection (d) of that rule provides that the first appearance judge shall proceed to determine conditions of release pursuant to Florida Rule of Criminal Procedure 3.131, which in turn provides the framework for pretrial release. Rule 3.131(b) is entitled "Hearing at First AppearanceConditions of Release" and provides that unless the state moves for pretrial detention "the court shall conduct a hearing to determine pretrial release." The rule further provides that "the judge shall at the defendant's first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant's appearance." Rule 3.131(b)(2).
Rule 3.131 further provides in subsection (d) entitled "Subsequent Application for Setting or Modification of Bail":
(1) When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant or, in the absence of the judge of the trial court, to the circuit court. The motion shall be determined promptly. No judge or a court of equal or inferior jurisdiction may modify or *1242 set a condition of release, unless the judge:
(A) imposed the conditions of bail or set the amount of bond required;
(B) is the chief judge of the circuit in which the defendant is to be tried;
(C) has been assigned to preside over the criminal trial of the defendant; or
(D) is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.
The Chief Judge of the Fifth Circuit relies on this language in Rule 3.131(d)(1) to support the issuance of administrative order A99-6. This reliance is misplaced for the reason that Rule 3.131(d), by its very terms, does not concern first appearance hearings but only subsequent hearings set by motion of a party directed to the trial court. A defendant is entitled to an independent bail determination in front of the first appearance judge after a consideration of all relevant factors. A reading of the criminal rules in pari materia supports this conclusion. While Rule 3.121(a)(7) provides that the arrest warrant must be endorsed with the amount of bail, Rule 3.131(b) clearly authorizes that conditions of pretrial release be determined at the first appearance hearing after the first appearance judge has considered all relevant factors. Binding the first appearance judge by the initial endorsement of bail amount on the warrant deprives the defendant of a meaningful bail determination at first appearance. Although a bail amount is endorsed on the warrant, that amount is only in effect until the bond amount is set at first appearance after an independent consideration of conditions for release by the first appearance judge and the defendant is afforded an opportunity to be heard. After this hearing, bond is set and any subsequent modification must be in conformity with Rule 3.131(d).
Inasmuch as it conflicts with this decision, we disagree with the opinion in McCoy v. State, 702 So.2d 252 (Fla. 3d DCA 1997), where the court implies that a first appearance judge only has the authority and duty to independently consider the appropriate conditions of release when the judge issuing the warrant does not specifically preclude the first appearance judge from doing so. The petition for writ of certiorari is granted and administrative order A99-6 is quashed.
WRIT OF CERTIORARI GRANTED, ORDER QUASHED.
THOMPSON, J., concurs.
GOSHORN, J., dissents with opinion.
GOSHORN, J., dissenting.
I respectfully dissent. In my experience, the reason the judge issuing an arrest warrant may want to restrict the authority of the first appearance judge to modify a bond amount is because the issuing judge has unique knowledge of the defendant or of the facts of the case. This is often the situation in cases involving violation-of-probation warrants. Under most circumstances, a dispute of this kind would not be brought before us. Courtesy among judges usually precludes controversy of this nature. In the usual course of events, the first appearance judge will respect the judgment of the issuing judge, and if a defendant disputes the initial bond decision, a modification hearing can promptly be scheduled before the issuing judge.[1]
On the merits, I disagree with the majority that rule 3.131(d) does not apply to first appearances. The very issue in this case is the authority of first appearance *1243 judges to modify a bond amount that has been previously set. The procedure to be followed is clearly set forth in the rule.
Moreover, I agree with the opinion of Chief Judge Schwartz in McCoy v. State, 702 So.2d 252 (Fla. 3d DCA 1997), and accordingly would deny the petition.
NOTES
[1] Certiorari is the appropriate remedy when the petition alleges that the chief judge exceeded his jurisdiction in promulgating an administrative order. Morse v. Moxley, 691 So.2d 504 (Fla. 5th DCA 1997); Dep't of Health and Rehabilitative Services v. Smith, 618 So.2d 379 (Fla. 5th DCA 1993); Dep't of Health and Rehabilitative Services v. Upchurch, 394 So.2d 577 (Fla. 5th DCA 1981); Dep't of Juvenile Justice v. Soud, 685 So.2d 1376 (Fla. 1st DCA 1997); Valdez v. Chief Judge of Eleventh Judicial Circuit, 640 So.2d 1164 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla.1995). See also, 1-888-1-888-Traffic Schools v. Chief Circuit Judge, Fourth Judicial Circuit, 734 So.2d 413, 24 Fla. L. Weekly S239 (Fla. 1999).
[2] This case does not concern a capital charge nor an offense punishable by life imprisonment. Nor is this a case where there has been a determination that no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.
[1] This case is one of several from the same circuit involving the same issue. My reading of the transcripts leads me to believe that the real controversy is deeper than the issue presented. We, as a profession, are giving much attention to the matter of civility between attorneys. I suggest that a meeting of all the judges, if approached in a cooperative and conciliatory manner, would do more for the current problem than anything that we can write.