PLEUS, J.
The petitioner, Stephen Dicolla, has filed a petition for writ of habeas corpus seeking an immediate bond hearing to determine conditions of pretrial release. We elect to treat this petition as a petition for writ of mandamus. See, Fla. R.App. P. 9.040(c). See also, Johnson v. Turner, 436 So.2d 291 (Fla. 2d DCA 1983). We grant the petition for writ of mandamus.
The petition alleges that the trial court has failed to act promptly on his request for a bond hearing. Florida Rule of Criminal Procedure 3.131(d)(1) requires that the trial court rule on a motion for setting *1287 or modifying bail promptly. The trial court has failed to do so in this case and is therefore ordered to schedule a bond hearing and rule on the petitioner’s request in an expeditious manner.
Furthermore, the petitioner asserts that an “informal policy” exists in Brevard County regarding the refusal by some magistrates on first appearance to modify the “bail” amount endorsed by another judge in issuing the arrest warrant unless the other judge consents. We write to reiterate that such procedures are improper.[1] See, Norris v. State, 737 So.2d 1240 (Fla. 5th DCA 1999). Faoutas v. State, 745 So.2d 398 (Fla. 1st DCA 1999).
WRIT GRANTED.
HARRIS and SAWAYA, JJ., concur.

. These procedures commonly present an issue which is capable of repetition but continues to evade review. See, Norris v. State, 737 So.2d 1240, 1241 (Fla. 5th DCA 1999), rev. granted, 749 So.2d 504 (Fla. 1999).