768 So.2d 1070 (2000)
STATE of Florida, Petitioner,
v.
James J. NORRIS, Jr., et al., Respondents.
No. SC96401.
Supreme Court of Florida.
September 28, 2000.
Robert A. Butterworth, Attorney General, and Belle B. Schumann, Assistant Attorney General, for Petitioner.
Howard H. Babb, Public Defender, and Elizabeth Osmond, Assistant Public Defender, Fifth Judicial Circuit, Brooksville, Florida; and A.R. Mander, III of Murphy, Dwyer & Morris, Dade City, Florida, on behalf of Hon. Peyton Hyslop, for Respondents.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida, for the Florida Public Defender Association, Amicus Curiae.
*1071 WELLS, C.J.
We have for review Norris v. State, 737 So.2d 1240 (Fla. 5th DCA 1999), which expressly and directly conflicts with the opinion in McCoy v. State, 702 So.2d 252 (Fla. 3d DCA 1997). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The relevant facts of this case as set forth in the Fifth District's opinion are as follows:
The Chief Judge of the Fifth Judicial Circuit issued administrative order A99-6, which authorizes the judge who issues a capias or warrant to establish the amount of bond and prohibits any modification of the bond amount by any other judge without the consent of the issuing judge. Thereafter, an arrest warrant was issued by Circuit Judge Springstead for the arrest of the petitioner. Judge Springstead set the amount of bail in the warrant at $20,000 without authorization for the first appearance judge to modify the bond amount. At first appearance, County Judge Hyslop determined that under the circumstances $1,500 would be a reasonable bond. However, Judge Hyslop was not authorized to modify the bond under administrative order A99-6....
[Norris's] bond was subsequently reduced to $1,000 by the assigned judge, Judge Tombrink, upon a motion for bond reduction.
Norris, 737 So.2d at 1241.
The Fifth District accepted certiorari to review the administrative order, even though the issue was moot as to Norris, because the question presented was capable of repetition yet evaded review. The Fifth District quashed the administrative order. We approve the decision of the Fifth District.
This case requires an interpretation of several current Florida Rules of Criminal Procedure to determine whether a judge issuing an arrest warrant may preclude the first appearance judge from modifying the endorsed bail conditions on the arrest warrant. Rule 3.121(a)(7) requires that an arrest warrant, when issued, shall "in all offenses bailable as of right be endorsed with the amount of bail and the return date." Fla. R.Crim. P. 3.121(a)(7) (emphasis added). As stated by the Fifth District, the purpose of this bail endorsement is to enable the arresting officer to accept proper bail without the necessity of contacting the judge to fix the amount of the bond.
Rule 3.130(a) requires that an accused be afforded a first appearance before a judicial officer within twenty-four hours of arrest. Rule 3.131(b)(2) states:
The judge shall at the defendant's first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant's appearance. If a monetary bail is required, the judge shall determine the amount.
Fla. R.Crim. P. 3.131(b)(2) (emphasis added.)
Rule 3.131(d), entitled "Subsequent Application for Setting or Modification of Bail," limits the authority to certain judges who may subsequently amend a bail determination. The pertinent portion of the rule states:
(1) When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant or, in the absence of the judge of the trial court, to the circuit court. The motion shall be determined promptly. No judge of a court of equal or inferior jurisdiction may modify or set a condition of release, unless the judge:
(A) imposed the conditions of bail or set the amount of bond required;
(B) is the chief judge of the circuit in which the defendant is to be tried;

*1072 (C) has been assigned to preside over the criminal trial of the defendant; or
(D) is the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.
Fla. Rule of Crim. P. 3.131(d)(1).
The State contends that the chief judge's administrative order should be upheld as consistent with the Rules of Criminal Procedure. This interpretation requires that rule 3.121(a)(7) be read to mean that the endorsement of the bail amount on the arrest warrant is the initial setting of bail. Under this reading, the first appearance before a judge for a person arrested pursuant to an arrest warrant would, in actuality, be a subsequent modification hearing governed by rule 3.131(d)(1). Then pursuant to subdivision (d)(1)(D) of that rule, the first appearance judge would be precluded from modifying the bail amount endorsed on the arrest warrant if the issuing judge failed to authorize the first appearance judge to modify the bail conditions. See Fla. Rule of Crim. P. 3.131(d)(1)(D).
We do not agree with this reading of the rules. The endorsement of bail on the arrest warrant is an ex parte proceeding done for the purpose of allowing the arrested person to post bail without the necessity of waiting until the first appearance before a judicial officer, which must occur within twenty-four hours of arrest. This procedure is not intended to substitute for either the arrested person's appearance before the first appearance judge or the opportunity to present reasons for other forms of release as expressly provided by rule 3.131(b)(2). Nor is the endorsement of a bail amount on the arrest warrant intended to limit the first appearance judge's discretion in applying rule 3.131(b)(2).
We acknowledge that our holding makes the procedure with respect to modification of the form of release for persons arrested on an arrest warrant inconsistent with the procedure for persons arrested on a capias issued pursuant to rule 3.131(j). Rule 3.131(j) states in relevant part:
Upon the filing of the indictment or information, the judge shall endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant's first appearance hearing. This endorsement shall be made on the capias and signed by the judge.
Fla. Rule of Crim. P. 3.131(j).
The express language of this rule gives the issuing capias judge the authority to limit the setting or modification of bail by the first appearance judge. There is, of course, a significant difference between an arrest warrant and a capias in that a capias may only issue after formal charges are levied via indictment or information, which requires the involvement of either the grand jury or a sworn statement by the State Attorney.[1]
Therefore, we approve the result reached in Norris v. State, 737 So.2d 1240 (Fla. 5th DCA 1999), and disapprove McCoy v. State, 702 So.2d 252 (Fla. 3d DCA 1997), to the extent that it conflicts with this opinion.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In view of this inconsistency, we request that The Florida Bar Criminal Procedure Rules Committee review the rules regarding first appearance as well as the rules that govern the issuance of arrest warrants and capiases and report to us whether the limitation on first appearance judges in respect to capias is necessary and appropriate. In this report, we request that the Committee consider the impact of the victims' rights provision, article 1, section 16(b) of the Florida Constitution, when making its recommendation.