PER CURIAM.
At a status conference on January 25, 2001, at which Petitioner appeared to request an unopposed continuance, he learned that the second degree felony for which he had been out on $2,500 bond for four months had been refiled by the state as a first degree felony. Petitioner had never been served with the new capias, which had been placed in the file. Petitioner argued for a bond lower than the scheduled amount appearing in the capias, which did not appear to have been set by any judge; the judge instead set bond at twice the scheduled amount for the refiled charge and imposed additional conditions of release. Petitioner then filed the instant petition for writ of habeas corpus in this court, asking that the matter be ordered set for hearing and reinstatement of the initial bond. We grant the petition in part, and order the matter set for noticed hearing.
*16 Petitioner argues that the judge sua sponte “increased” his bond without notice, contravening established authority of this court. See, e.g., Montgomery v. Jenne, 744 So.2d 1148 (Fla. 4th DCA 1999). We agree with the state that this was not an increase in a bond that was set but a new bond set in the first instance on the refiled charge, and the trial court had the discretion to set a bond at first appearance on the refiled charge which was not limited by the schedule amount appearing on the capias. See State v. Norris, 768 So.2d 1070 (Fla.2000). However, it appears that Petitioner was never given notice that bond was to be set on the refiled charge at the January 25 status conference, and that he was thereby deprived of due process. See generally Lambert v. State, 151 So.2d 675, 677 (Fla. 1st DCA 1963).
Accordingly, we grant the petition in part and direct the trial court to hold a noticed hearing on the conditions of Petitioner’s pretrial release with respect to the refiled charge.
DELL, POLEN, and STEVENSON, JJ., concur.