981 So.2d 671 (2008)
Raul CEPERO, Petitioner,
v.
Kenneth MASCARA, Sheriff of St. Lucie County, Florida, Respondent.
No. 4D08-291.
District Court of Appeal of Florida, Fourth District.
May 21, 2008.
Joshua D. Ferraro of The Ferraro Law Group PL, Stuart, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for respondent.

ON MOTION FOR REHEARING
PER CURIAM.
We grant petitioner's motion for rehearing (to which the state did not respond), withdraw our previous opinion, and issue the following opinion in its place. The motion for rehearing brought to this court's attention an error that occurred in the transcription of the proceedings at the bond hearing.[1]
Petitioner challenges the trial court's order setting bond at $270,000 on the charges of conspiracy to traffic in cannabis, cultivation of cannabis, and RICO. Because the evidence presented at the hearing does not support the petitioner's ability to pay a bond in this amount, we grant the writ.
Petitioner was charged with conspiracy to traffic in marijuana, cultivation of marijuana, and racketeering as a result of the discovery of marijuana being grown in his house. His bond was originally set at $900,000. At the hearing on petitioner's motion for bond reduction, the court reduced the bond to $270,000. In addition to the monetary bond, the trial court required petitioner to turn over his passport, submit to community control, and wear an ankle monitor. While he had some financial resources, the evidence did not support his ability to post a bond of the amount set by the court. Petitioner has carried his burden of demonstrating, based on the current record, that the bond amount is unreasonable. Brazil v. Jenne, 755 So.2d 784 (Fla. 4th DCA 2000).
Other circumstances, not apparent in the record before this court, may justify a higher bond, the same bond, or additional conditions and requirements. However, the state presented no evidence at the hearing below supporting the amount set by the trial court. See Dyson v. Campbell, 921 So.2d 692 (Fla. 1st DCA 2006) (explaining that petitioner's inability to post a certain bond amount does not render that amount per se unreasonable and trial court must consider many other factors in determining *673 what conditions for pretrial release are appropriate). On remand, the court may hear additional evidence in support of the reasonableness of this bond including evidence regarding the statutory factors for setting conditions for pretrial release. Fla. R.Crim. P. 3.131(b)(3); § 903.046, Fla. Stat. (2007).
SHAHOOD, C.J., WARNER and FARMER, JJ., concur.
NOTES
[1] The error concerned matters contradicting the conclusion that petitioner had failed to show he could not post the bond amount set in this case. Petitioner has filed a corrected transcript along with a sworn statement from the transcriptionist verifying the existence of the error and the authenticity of the corrected transcript.