PER CURIAM.
 Tonuya A. Rainey seeks habeas corpus relief from her bond set in the amount of $185,000.00. We grant the petition and remand for an evidentiary hearing on Rainey’s financial resources and all other appropriate criteria. See Sparkman v. State, 994 So.2d 504 (Fla. 4th DCA 2008); Martin v. Jenne, 745 So.2d 412 (Fla. 4th DCA 1999); Patterson v. Neuman, 707 So.2d 946 (Fla. 4th DCA 1998). It is not the increase in the bond amount from that stated in the arrest warrant that is problematic. State v. Norri.s, 768 So.2d 1070 (Fla.2000); Mata v. Lwmberti, 993 So.2d 642 (Fla. 4th DCA 2008). Rather, as the state concedes, the trial court failed to consider the appropriate pretrial release factors. See Fla.R.Crim.P. 3.131(b)(3); § 903.046, Fla. Stat. (2008); see also Cepe-ro v. Mascara, 981 So.2d 671 (Fla. 4th DCA 2008). Where the evidence at a bond hearing is insufficient on this criteria, ha-beas corpus should be granted and the cause remanded to the trial court for a new determination. Patterson, 707 So.2d at 947.
As we noted in Cepero, “[Ojther circumstances, not apparent in the record before this court, may justify a higher bond, the same bond, or additional conditions and requirements.” 981 So.2d at 672. Accordingly, we grant the petition. On remand, the trial court may consider additional evidence regarding the bond, its amount, and any appropriate conditions associated with pretrial release. See Fla. R.Crim. P. 3.131(b)(3); § 903.046, Fla. Stat. (2008).
POLEN, TAYLOR and CIKLIN, JJ., concur.