PER CURIAM.
On September 1, 2001, petitioner was arrested on a warrant issued in South Carolina. The warrant was based on petitioner’s alleged money laundering in relation to his brother’s drug smuggling. On September 13, the Broward County Circuit Court held a hearing on petitioner’s motion for release on bail. The circuit court recognized that petitioner had strong ties in the community and set a surety bond in the amount of $100,000 with the special condition that he surrender to the officials in South Carolina within twenty days of posting the bond.
Through this petition for writ of habeas corpus, petitioner asks this court to strike the circuit court’s special condition of bail that he surrender himself to South Carolina officials within twenty days of posting bond. Petitioner argues that the condition is unreasonable and invalid as it does not serve the statutory purpose for bail at this stage of the extradition proceedings. We agree.
A person charged with having committed a crime in another state may be held up to thirty days prior to receipt of a formal request for extradition from the state having jurisdiction over the offense and the issuance of a warrant of extradition by the Governor of this state. See § 941.15, Fla. Stat. (2000). The circuit court has discretion to grant bail to a person detained on an out-of-state warrant pending the issuance of the warrant of extradition, unless the offense charged is punishable by death or life imprisonment. See § 941.16, Fla. Stat. (2000). Section 941.16 specifically provides:
*1065 Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, a judge or other judicial officer having power of commitment in this state may admit the person arrested to bail by bond, with sufficient sureties, and in such sum as he or she deems proper, conditioned for the prisoner’s appearance before him or her at a time specified in such bond, and for the prisoner’s surrender, to be arrested upon the warrant of the Governor of this state.
(Emphasis added).
Pursuant to section 941.16, bail is intended to set conditions which will ensure that the prisoner will surrender in Florida should the Governor issue the warrant for extradition. This is consistent with the general purpose of bail, which is to ensure the defendant’s appearance at subsequent proceedings in this state. See § 903.046(1), Fla. Stat. (2000); Nicholas v. Cochran, 673 So.2d 882, 883 (Fla. 4th DCA 1996) (noting that the purpose of bail is to ensure defendant’s appearance at subsequent proceedings and to protect the community against unreasonable danger from the defendant). In this case, the subsequent proceedings are an appearance before the circuit court for surrender, should the Governor issue a warrant for extradition, followed by a habeas hearing at which the legality of the extradition may be tested. See § 941.10(1), Fla. Stat. (2000).
Under section 941.16, a court may not use a bond to short circuit the extradition procedure. The special condition requiring petitioner to surrender directly to South Carolina does not ensure petitioner’s appearance at subsequent proceedings in this state, rendering the condition inconsistent with the purpose of bail as set forth in section 941.16 and invalid on its face.
We grant the petition for habeas corpus in part by striking the trial court’s special condition that petitioner surrender to the South Carolina officials within twenty days of posting bond. In light of this ruling, we remand the case to the circuit court to reconsider this matter.
WARNER, GROSS and HAZOURI, JJ„ concur.