645 So.2d 63 (1994)
Alexander ALVAREZ, Petitioner,
v.
Robert L. CROWDER, Sheriff, Martin County, Florida, Respondent.
No. 94-2993.
District Court of Appeal of Florida, Fourth District.
November 4, 1994.
Harry M. Solomon of Harry M. Solomon, P.A., Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner, Alexander Alvarez (Petitioner), has filed an emergency petition for writ of habeas corpus claiming that his bail is excessive and that the trial court has refused his request for the reduction of bail. For the following reasons, we grant the petition for habeas corpus.
On October 6, 1994, Petitioner was arrested and charged with trafficking in cannabis over 100 pounds, an offense as to which there is no mandatory incarceration. The marijuana actually seized weighed approximately 935 pounds. Petitioner and the marijuana were found near a beached boat south of the St. Lucie Inlet. The boat belonged to Petitioner who told police that he had been in the Bahamas and that his boat had drifted onto the beach after it quit running. Without a hearing, bond was set at one million dollars because the trial court considered Petitioner to be a flight risk back to the Bahamas.
Thereafter, Petitioner filed a emergency motion for bond reduction. The trial court was presented with evidence that Petitioner had resided in Miami since he was thirteen years old and had no prior criminal record. Furthermore, the court heard that Petitioner and wife have been married for eight years and have many relatives living in the Miami area. Moreover, evidence was presented that Petitioner has operated a gym for nine years and that Petitioner and his wife operate a financially stable travel agency. The trial court, however, ultimately denied Petitioner's motion to reduce bond.
Section 903.046, Florida Statutes (1993), provides that the purpose of bail is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against danger. The statute, along with case law, furnish a list of criteria which should be taken into consideration in evaluating the amount of bail. Among these are the nature of the offense and applicable penalty, family ties, length of residence in the community, employment history, financial resources, the defendant's prior criminal record, *64 risk of flight, danger to the community and street value of any drugs involved. § 903.046, Fla. Stat. (1993).
Although a trial court's ruling on bail is entitled to a presumption of correctness, an appellate court will grant relief where the petitioner demonstrates that the amount of bail set is unreasonable under the circumstances. See Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980); Fretwell v. Dobeck, 473 So.2d 302 (Fla. 4th DCA 1985). Depending upon the financial circumstances of the defendant, excessive bail is tantamount to no bail. Good, 382 So.2d at 410.
Although there might be a concern of flight, the one million dollar bail in the instant case is clearly excessive. Petitioner has no past criminal record and is a long term resident of the community. Furthermore, Petitioner has strong family and business ties to the community and is financially stable. In addition, the trial court was presented with absolutely no evidence that Petitioner was dangerous to the community. Finally, no other case dealing with a similar offense has set bail as high as one million dollars. See Costa v. State, 404 So.2d 128 (Fla. 4th DCA 1981) (Bail set at $250,000.00 on drug trafficking charges involving 14,000 pounds of marijuana found reasonable); Fretwell v. Dobeck, 473 So.2d 302 (Fla. 4th DCA 1985); Stansel v. State, 297 So.2d 63 (Fla. 2d DCA 1974). As such, the bail in the instant case is acting more like a penalty rather than securing Petitioner's presence at subsequent proceedings.
Therefore, under the particular facts of this case, we find one million dollars bail to be excessive. Accordingly, we grant the petition for habeas corpus and return it to the trial court so that a new determination of reasonable bail in a reduced amount may be made.
WRIT GRANTED AND CAUSE REMANDED.
GUNTHER and FARMER, JJ., concur.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I would deny the petition for writ of habeas corpus, as I find no abuse of discretion in the trial court's denial of petitioner's motion to reduce the one million dollar bond. In addition to the evidence surrounding petitioner's arrest, as related in the majority opinion, there was considerable evidence tying petitioner to the 935 pounds of cannabis found on the island where petitioner and his boat were discovered. The legislative purpose expressed in section 903.046(2)(h), Florida Statutes (1993) vis-a-vis drug crimes, and the street value of controlled substances alleged to be involved in a pending charge, as factors bearing on a trial court's determination of bail, suggest the order in this case was not an abuse of discretion. See Costa v. State, 404 So.2d 128 (Fla. 4th DCA 1981).