704 So.2d 721 (1998)
Stanley W. CAMERON, Petitioner,
v.
Susan McCAMPBELL, as Acting Sheriff of Broward County, Respondent.
No. 97-4473.
District Court of Appeal of Florida, Fourth District.
January 8, 1998.
*722 Roy Black of Black, Srebnick & Kornspan, P.A. and Mark Seiden of Law Offices of Mark Seiden, P.A., Miami, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner has filed an emergency petition for writ of habeas corpus claiming that his bail is excessive. He has been charged with multiple counts of boating under the influence/manslaughter, as a result of a boat accident in which six people died. The trial court set bond at $1,000,000. We grant the petition.
The assistant state attorney informed the trial court that the standard bond was $190,200 then added:
I submit that the standard bond is inadequate given the number of deaths in this case. I can provide the Court with no authority. I do agree they are bondable offenses, but that is the State's position.
Section 903.046, Florida Statute (1995) recites the purpose and criteria for bail determinations.[1] The evidence was sketchy or non-existent as to a number of the applicable criteria.
We have no problem with the setting of bail higher than "standard" in this or any other case which is justified by an informed consideration of the applicable statutory *723 criteria. One of the problems, however, in this case, is that the evidence is insufficient to show that the petitioner can meet this bail. Petitioner's financial circumstances must be considered, because "excessive bail is tantamount to no bail." Good v. Wille, 382 So.2d 408, 410 (Fla. 4th DCA 1980).
The most we know about the 56 year-old defendant/petitioner is that he puts together land developments in Broward County where he has lived for five years; rents a penthouse apartment in Ft. Lauderdale; was hospitalized at the time of the hearing with a head injury and was still disoriented; has family and a girlfriend in Texas and a wife in Maryland; and draws $10,000 a month against future profits from an unidentified source. It was evident that on the date of the hearing, December 15th, the petitioner was physically and mentally incapable of fleeing the hospital on his own.
Accordingly, we grant the petition for writ of habeas corpus and return it to the trial court for a new determination of reasonable bail. Because the medical condition of the petitioner precluded him from testifying at the original hearing, the trial court is authorized to hear additional evidence from either side on remand. It would be helpful, for purposes of appellate review, if the trial court would make findings, including consideration of the applicable statutory criteria, when it resets the amount of bail.
GLICKSTEIN, FARMER and KLEIN, JJ., concur.
NOTES
[1] The statute provides: (1) The purpose of a bail determination in criminal proceedings is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant. (2) When determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court shall consider: (a) The nature and circumstances of the offense charged. (b) The weight of the evidence against the defendant. (c) The defendant's family ties, length of residence in the community, employment history, financial resources, and mental condition. (d) The defendant's past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings. However, any defendant who previously had willfully and knowingly failed to appear and breached a bond as specified in s. 903.26, but who had voluntarily appeared or surrendered, shall not be eligible for a recognizance bond; and any defendant who willfully and knowingly failed to appear and breached a bond as specified in s. 903.26 and who was arrested at any time following forfeiture shall not be eligible for a recognizance bond or for any form of bond which does not require a monetary undertaking or commitment equal to or greater than $2,000 or twice the value of the monetary commitment or undertaking of the original bond, whichever is greater. (e) The nature and probability of danger which the defendant's release poses to the community. (f) The source of funds used to post bail. (g) Whether the defendant is already on release pending resolution of another criminal proceeding or on probation, parole, or other release pending completion of a sentence. (h) The street value of any drug or controlled substance connected to or involved in the criminal charge. It is the finding and intent of the Legislature that crimes involving drugs and other controlled substances are of serious social concern, that the flight of defendants to avoid prosecution is of similar serious social concern, and that frequently such defendants are able to post monetary bail using the proceeds of their unlawful enterprises to defeat the social utility of pretrial bail. Therefore, the courts should carefully consider the utility and necessity of substantial bail in relation to the street value of the drugs or controlled substances involved. (i) The nature and probability of intimidation and danger to victims. (j) Any other facts that the court considers relevant.