771 So.2d 621 (2000)
Gail WINER, Petitioner,
v.
Lois SPEARS, Director, Dade County Corrections and Rehabilitation Department, Respondent.
No. 3D00-2788.
District Court of Appeal of Florida, Third District.
November 22, 2000.
*622 Bradford M. Cohen, for petitioner.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for respondent.
Before COPE, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
We grant the petition of Gail Winer for a writ of habeas corpus for reduction of pre-trial bond, reverse the bond amount set by the court, and remand this case to the trial court to determine a reasonable bond after consideration of Winer's financial resources. See Elliot v. Jenne, 745 So.2d 1101 (Fla. 4th DCA 1999). Winer, who has no prior criminal record, has been charged with non-violent crimes, fraud and grand theft counts.
Winer has ties to the community; she has lived in South Florida for 26 years: she has been employed for many years during that time, and her son, a member of the United States Air Force, lives in Florida. E.g. Mesidor v. Neumann, 721 So.2d 810 (Fla. 4th DCA 1998); Brazil v. Jenne, 755 So.2d 784 (Fla. 4th DCA 2000). Winer presented evidence that her assets have been frozen by court order and she cannot post a $200,000 bond. "Excessive bail is tantamount to no bail and an appellate court will grant relief where the petitioner demonstrates that the amount of bail is unreasonable under the circumstances." Brazil, 755 So.2d at 784; Steel v. Jenne, 710 So.2d 993 (Fla. 4th DCA 1998).
Accordingly, we hold that the bond amount is unreasonable. Also, we note that as stated in Cameron v. McCampbell, 704 So.2d 721 (Fla. 4th DCA 1998), it would be helpful if the trial court would make findings with consideration of the statutory criteria when it resets the bond.[1] This decision is effective immediately and its effectiveness will not be delayed by the filing of a motion for rehearing or other post-decision motion.
Petition granted, and cause remanded.
SORONDO, J. (concurring)
I fully concur with Judge Shevin's majority opinion. I write separately only to address the issues raised by Judge Cope's dissent. I begin by setting forth the procedural history of the case. The parties have no disputes concerning the following facts.
Gail Winer was arrested on Friday, July 28, 2000, and charged with one count of first degree grand theft, two counts of second degree grand theft and three counts of third degree grand theft. She made her initial appearance before a magistrate on August 1st, at which time the state requested a bond of $27,500, as well as the imposition of a Nebbia[2] requirement.
As pertinent to the criminal proceedings, on July 28, 2000, Circuit Judge Margarita Esquiroz, presiding over the civil version of this same case, issued an injunction freezing Winer's personal and business bank accounts.
*623 Winer filed a motion to reduce her $27,500 bond and set the same for hearing on August 10th. On August 9th, the state filed a motion to revoke bond. The motion alleged that the state intended to file more charges, and asked the court to set a higher bond in keeping with the greater charges that were going to be filed.
At the August 10th hearing, the state did not call any witnesses. The defendant argued that she did not have the resources to pay a higher bond and offered alternatives such as surrendering her passport, pre-trial release and house arrest with electronic monitoring. The trial court set bond at either $500,000 surety or $650,000 property bond. The court heard no testimony indicating that the defendant had such a great amount of property at her disposal. Indeed, the defendant testified to exactly the opposite.
Defendant tried to get the bond lowered on August 22, 2000. At that hearing, the defendant testified that her mother and sister were willing to post their homes to secure a bond. She was unable to tell the court how much the properties were worth. As a result, the trial judge refused to lower the bond but indicated that it was without prejudice and encouraged defense counsel to "put together a package and come back and see me."
Rather than bringing the petition presently before us at that time, defense counsel scheduled a new hearing to lower the bond and set it for hearing on September 14th. By that time, a new judge had been temporarily assigned to the division and heard the case. During that hearing the judge had the following exchange with counsel:
COURT: I have read your motion. How do you justify $500,000 as opposed to a bond of $250,000 or $100,000.
[PROSECUTOR]: I cannot. That was a bond that was arbitrarily set, admittedly so, by [the Judge] because he was concerned by the quantity of funds that were stolen.
* * *
The state is not going to object if you reduce the bond to $250,000 because $500,000 bond is apparently excessive.

I don't appreciate the smirks from counsel. It's not professional, and I have shown limb (sic) the utmost respect.
[DEFENSE COUNSEL]: I'm sorry. This case has bothered me, and I apologize to the court; I apologize to [the prosecutor].
COURT: What you're really asking for in this case is no bond.
[PROSECUTOR][3]: No, I'm not.
[COURT]: And I will tell you why. If I set a bond, she has about $6,000 in her 401K, which will take her a while to cash in, and they are going to withhold the taxes on it, as well as a penalty on it. So if you have $12,000, if she had $6,000 when she cashed it in, she would be doing really well. That would pay for a $60,000 bond.
[DEFENSE COUNSEL][4]: And they need collateral on top of that.
[COURT]: That's it. She would need collateral on top of that.
(Emphasis added). Although the court acknowledged that the state's request for $250,000 was the equivalent of a request for no bond, it set bond at $200,000, the functional equivalent of no bond.
The present petition for writ of habeas corpus is taken from the lower court's order setting bond at $200,000 as a result of the September 14th hearing. I therefore fail to see what relevance the previous *624 trial judge's pronouncements on August 22nd have to do with this proceeding, particularly in light of the state's concession that the $500,000 bond set on that day was excessive.
I am not blind to Judge Cope's concerns. Like any other criminal defendant, Winer could conceivably flee the jurisdiction. The record, however, reflects that she is an American citizen who has lived in this community and this country most of her life. She is constitutionally entitled to a reasonable bond, which she does not presently have.
As Judge Shevin has noted in his opinion, there are many special, non-monetary conditions of bond that, when combined with a surety bond secured by the homes of her mother and sister and a Nebbia hearing, will serve to ensure the defendant's appearance at trial.
COPE, J. (concurring in part and dissenting in part).
At the August 22, 2000 bond hearing, defendant-petitioner Winer testified that her mother and sister would put up their houses as part of the defendant's bond.
Because the defendant did not know the value of the houses, the court denied her motion for bond reduction without prejudice to defendant to return to the court with a proposal regarding the houses.
The Defendant never did this. Instead the defendant went to a successor judge and asked for a bond reduction, with only a passing mention of the houses and without making the proposal which had been asked for in August.
While I agree with footnote 1 of the majority opinion that the value of the houses is a factor which can be considered, I disagree with the majority's apparent conclusion that the present bond is excessive. Without knowing the value of the houses, it is premature to say that the present bond is too high, too low, or just right. The defendant was supposed to provide that information and did not.
There is a contention in this case that the defendant poses a flight risk. Obviously the court would have a greater comfort level with a bond that required the posting of relatives' homes as collateral, and it was within the court's discretion to decline to release the defendant without such arrangements having been made.
We should deny this petition without prejudice to the defendant to submit the proposal the court invited in August.
NOTES
[1] We note, in passing, that there are other alternatives available for the trial court to consider, including: surrender of Winer's passport, electronic monitoring, daily reporting to pretrial services, and/or requiring as surety Winer's relatives' properties.
[2] United States v. Nebbia, 357 F.2d 303 (2d Cir.1966) (This case stands for the proposition that a court can require a criminal defendant to establish, prior to posting bond, that the money and/or property used to pay the same were not derived from illicit activities). See also § 903.046, Fla. Stat. (2000).
[3] The transcript identifies this speaker as defense counsel. This, however, cannot be accurate as the trial court's comment is clearly addressed to the state.
[4] The transcript identifies this speaker as the prosecutor. Read in context, it is clearly a statement by defense counsel.