796 So.2d 1273 (2001)
Leonard HENLEY, Petitioner,
v.
Ken JENNE, Sheriff of Broward County, Florida, Respondent.
No. 4D01-2151.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
*1274 Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for respondent.
FARMER, J.
Defendant was arrested for battery on a law enforcement officer (LEO), obstructing justice with violence and obstructing without violence. He posted the standard bail$1,000, $500 and $100and was released. Later the state amended the first charge to a second degree felony and the second charge to battery on a LEO, a third degree felony. At his arraignment, the trial court increased the amount of bail on the principal charge to $25,000. Defendant moved to reduce the amount of bail, arguing that he was financially unable to meet the amount set. He testified that he had always lived in Broward County and that he had probably lost his landscaping job while being detained. Neither he nor his disabled mother with whom he lived, possessed any property from which they could post bail. The trial court denied the motion, finding that, based on his prior offenses and the nature of the current charges, defendant posed a significant risk of danger to the community.
We begin with the proposition that when bail is the only factor in granting pretrial release, the amount of the bail set by the court should be reasonable. But the court is also empowered to consider any conditionsand reasonable bail is but oneto ensure a defendant's appearance in court and to protect the community from an unreasonable risk of danger. See § 903.046(1), Fla. Stat. (2000). In Cameron v. McCampbell, 704 So.2d 721, 723 (Fla. 4th DCA 1998), we held that a defendant's financial circumstances must be considered to determine what is reasonable. In Good v. Wille, 382 So.2d 408, 410 (Fla. 4th DCA 1980), we pointed out that "[d]epending on the financial circumstances of the defendant, excessive bail is tantamount to no bail." [e.s.] This defendant argues there is no evidence from which the court could have found that he would be able to post *1275 bail in the amount of $26,000. Therefore under Good, he contends, the amount is facially unreasonable.
As section 903.046(1) makes clear, ensuring the presence of a defendant is one of the twin considerations of pretrial release; the other is to protect the community from dangerous offenders. The primary function of bail is to compel the defendant to appear at pretrial and trial proceedings by imposing a monetary penalty for the failure to do so. We would be unrealistic if we did not recognize that the financial resources behind many releases on bail come from not only the defendant personally but also from extended family or close friends as well. By agreeing to become financially responsible for a defendant's bail these family members and friends have a very personal stake in seeing the defendant appear in court when scheduled. With that stake and their close relationship with the defendant comes their peculiar ability to use their power and influences to make certain that he will meet his obligation to appear. Hence in fixing the amount of bail, while the financial resources of the defendant himself are important, as Good and Cameron indicate, so too is the defendant's access to family and friends for the benefit of bail and, necessarily, their financial burdens and risks standing behind the posting of bail.
It is therefore logical that these considerations would also inform the trial court as to whether any specific amount of bail is reasonable. While a defendant's personal resources may be limited, nevertheless those of family and friends may make reasonable an amount of bail that he alone could not manage. While the evidence shows that his mother and he cannot afford the amount set, they offered no evidence as to his Godparents who raised him or other family and friends or, indeed, from some other source. These considerations are what we had in mind in Good when we added the qualifier, "[d]epending on the financial circumstances of the defendant...."
Another equally important consideration in setting an amount of bail is the defendant's prior criminal record. This is especially true where the trial court finds, based on a significant record of prior convictions and juvenile history, that a particular defendant presents an unreasonable risk of danger if released into the community. A history of prior convictions, as well as a record of prior instances of unreliability about appearing in court, are considerably important in setting an amount of bail. One additional factor raised by a significant, violent criminal history is the likely sentence imposed if the current charges become convictions. If a defendant faces an appreciably enhanced sentence upon conviction of the crime for which bail is sought, the judge might appropriately adjust the amount of bail upwards from the amount that would otherwise be reasonable if the only consideration were the defendant's personal financial circumstances.
In this case the trial judge considered evidence showing that defendant, though young, has amassed a record demonstrating both a propensity to violence as well as the probability, upon conviction, of a significant sentence. He has two adult convictions, one for delivery of cocaine, another for possession of cannabis. He has juvenile priors for robbery, battery, burglary, aggravated assault, grand theft, fleeing, and resisting without violence. Hence there was a factual basis for the judge to conclude both that he presented a real risk of danger if granted pretrial release and that the only condition that might ameliorate that risk would be an amount of bail that would require defendant to seek the financial aid of extended family and *1276 friends, so that their influences might mitigate any risk to the community.
In light of this record, we cannot say that defendant has demonstrated that he was entitled as a matter of law to a lower amount of bail. While he does not personally have financial resources to post the amount now set, he has not demonstrated that the amount of bail allowed is disproportionate to the offenses charged and his criminal record in view of the possible sentence that might be imposed in this case, as well as the risk of violence he presents to the community.
WRIT OF HABEAS CORPUS DENIED.
WARNER and GROSS, JJ., concur.