972 So.2d 960 (2008)
Donald PARRINO, Petitioner,
v.
Ric L. BRADSHAW, Palm Beach County Sheriff, Respondent.
No. 4D07-4651.
District Court of Appeal of Florida, Fourth District.
December 14, 2007.
Rehearing Denied February 18, 2008.
*961 Carey Haughwout, Public Defender, and Daniel Cohen, Assistant Public Defender, West Palm Beach, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner, who is incarcerated, seeks a writ of habeas corpus from an order granting the state's motion for a hearing under U.S. v. Nebbia, 357 F.2d 303 (2d Cir.1966). In Nebbia it was held that, where a defendant posted $100,000 bail in cash, the trial court had discretion to inquire into the source of the funds in order to insure that the defendant will return to court. Petitioner argues Nebbia is not applicable in Florida and that the order should be quashed, so that he can post a bond without inquiry and be released. We deny the petition.
Section 903.046(2), Florida Statutes (2007) and Florida Rule of Criminal Procedure 3.131(b) authorize the court to inquire into "the source of funds used to post bail," as well as into any other facts, to insure defendant's appearance. The motion filed by the state, and the order entered by the court granting that motion, are authorized by the statute and the rule, and accordingly the issue as to the applicability of Nebbia, a federal case, is beside the point.
Petitioner next argues that the inquiry into the bond is not warranted under the facts in this case. Defendant has been charged with two counts of trafficking in Roxycodone (over four grams), aggravated assault on a law enforcement officer, aggravated battery on a law enforcement officer, and kidnapping. The total amount of the bond set for all charges was $60,000, and petitioner is not challenging the amount. Although Nebbia, as petitioner notes, may have involved a much larger amount of narcotics, we cannot agree that the trafficking charges in this case would preclude a court from looking into the source of the funds.
Petitioner also raises numerous constitutional arguments, but has not cited any case which would support the unconstitutionality of the specific order about which he complains. As the Nebbia court noted with regard to Nebbia's argument that his fifth amendment rights would be violated, the issue was premature and could be addressed, if necessary, by the trial court. 357 F.2d at 305.
The petition is denied.
MAY, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur in the majority opinion. I would make two additional comments on this issue.
First, Florida Rule of Criminal Procedure 3.130(d) requires the court, at the first appearance hearing, to determine the issue of pretrial release pursuant to rule 3.131. The court must determine "whether to release a defendant on bail or other conditions, and what that bail or those conditions may be . . ." Fla. R.Crim. P. 3.131(b)(3). As noted by the majority, one of the factors that the court should consider *962 is "the source of funds used to post bail." Id. It does not appear from the record what the court considered at the first appearance hearing in setting the bail in this case. Because bail was set without any other conditions, the state should have requested a modification of bail "by showing good cause." Fla. R.Crim. P. 3.131(d)(2). As the petitioner does not raise this issue, it is not necessary to consider this procedural irregularity in this case.
Second, despite the footnote in Winer v. Spears, 771 So.2d 621 (Fla. 3d DCA 2000), which characterizes the holding of Nebbia as standing "for the proposition that a court can require a criminal defendant to establish, prior to posting bond, that the money and/or property used to pay the same were not derived from illicit activities," id. at 622 n. 2, Nebbia does not actually hold that. What it provides is that a court may take steps to ensure that the bond or conditions imposed will reasonably assure the defendant's presence at trial. The Nebbia court held that under the federal rules a court has the discretion to hold a hearing where a cash bail is posted to determine whether the bail is adequate to secure the appearance of the defendant. The court also has the discretion to determine whether it should be increased in amount or that additional sureties be required. While the federal rules permit this to occur on the motion of the government after bail has been set, see 18 U.S.C. § 3142(g)(4), no comparable provision is contained in the Florida rules.
To the extent that a court inquires at the first appearance hearing as to the source of the funds available to post bail, it is for the purpose of ascertaining whether the bail set is sufficient to secure the defendant's appearance, not to deny him pretrial release. Art. I, § 14, Fla. Const.; Fla. R.Crim. P. 3.131. In most circumstances, the court will not be presented with evidence that the source of funds is illicit. More often, the source of funds for a cash bond may remain unknown. An illicit or unknown source of the funds may indicate that a higher bond or additional sureties are necessary in order to secure the defendant's appearance at trial. Whatever bond or conditions of release are imposed, they are there to insure that the defendant does not abscond prior to trial.