WARNER, J.
 

 The petition for habeas corpus to challenge the trial court’s denial of petitioner’s request for a bond on his charge of solicitation of premeditated murder is denied. In its ruling, the trial court both granted the state’s motion for pretrial detention and alternatively denied the petitioner’s motion to set bond. While we agree with the petitioner that the crime of criminal solicitation of murder is not included in the statutory list of dangerous crimes for which the state may seek pretrial detention,
 
 see §
 
 907.041(4)(a), Fla. Stat. (2010), we conclude that the court did not abuse its discretion in denying bond to petitioner, after consideration of the factors set forth in Florida Rule of Criminal Procedure 3.131.
 

 The court received evidence, albeit hearsay, that the petitioner told the individual whom he had solicited to commit the murder that if “things went bad,” he would flee to Venezuela. Evidence also showed that petitioner had substantial sums of money available to him. The trial court determined that the petitioner was a flight risk, and no monetary or non-monetary conditions would assure his appearance at trial or prevent a danger to the community short of detention in the Broward County jail. Even though an order of pretrial detention cannot be based solely on hearsay, see Fla. R.Crim. P. 3.132(c), there is no similar requirement in Florida Rule of Criminal Procedure 3.131.
 
 See Castro v. State,
 
 914 So.2d 467, 469-70 (Fla. 5th DCA 2005). Moreover, the trial court heard testimony and had both direct and hearsay evidence to support its determination to deny bond. Based upon the totality of the circumstances, we cannot say that the trial court abused its discretion in denying bail to petitioner.
 
 See Narducci v. State,
 
 952
 
 *827
 
 So.2d 622, 623 (Fla. 4th DCA 2007) (“[M]atters concerning bail are generally left to the discretion of the trial court, and they are reviewed under an abuse of discretion standard”).
 

 We distinguish
 
 Alvarez v. Crowder,
 
 645 So.2d 63 (Fla. 4th DCA 1994), relied on by petitioner, as the defendant in that case had not expressed an intention to flee, as had the petitioner here. In this case, the court was clearly concerned about the risk of flight for this serious charge, a first degree felony, and the apparent intention by petitioner to abscond, together with his financial ability to do so. We also distinguish
 
 Henley v. Jenne,
 
 796 So.2d 1273 (Fla. 4th DCA 2001), which petitioner cites for the proposition that support from family and friends together with their agreement to become financially responsible for a defendant’s bail should be considered in setting a bond. In this case, while petitioner had many friends testify at the bond hearing that he was a good friend and had significant ties to the community, there is no evidence in the record that any of his friends were pledging their assets to secure his appearance at trial. Thus, the dicta in
 
 Henley
 
 regarding family support does not apply to this case.
 

 Petition denied.
 

 MAY and DAMOORGIAN, JJ., concur.