NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARCOS CASIANO,                         )
                                        )
            Petitioner,                 )
                                        )
v.                                      )     Case No. 2D17-4150
                                        )
STATE OF FLORIDA,                       )
                                        )
            Respondent.                 )
_____ )

Opinion filed February 14, 2018.

Petition for Writ of Habeas Corpus to the
Circuit Court for Lee County; H. Andrew
Swett, Judge.

Kathleen A. Smith, Public Defender, and
Marisa Boysen, Assistant Public Defender,
Fort Myers, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Laurie Benoit-Knox,
Assistant Attorney General, Tampa, for
Respondent.


NORTHCUTT, Judge.

         Marcos Casiano is charged with drug possession offenses.  At his first

appearance hearing the court set bail, but it granted the State's request to order

Casiano held pending a hearing pursuant to United States v. Nebbia, 357 F.2d 303 (2d

Cir. 1966).  In so doing, the court disregarded defense counsel's objection that the State

had not filed a proper motion for pretrial detention under the rules of criminal procedure. Casiano petitioned us for a writ of habeas corpus, which we granted by a prior order that advised that an opinion would follow. We now explain that detaining an accused prior to trial pursuant to Nebbia is not authorized in Florida.

With increasing frequency, some courts in this district are placing so-called "Nebbia holds" on accuseds after setting bond at first appearance hearings. In Nebbia, the United States Second Circuit Court of Appeals held that after an accused posted a $100,000 bail in cash, the trial court had discretion to inquire into the source of the funds in order to ensure that the accused would appear in future proceedings. 357 F.2d at 304-05. The federal rules permit this on either the government's motion or the court's own motion. See Fed. R. Crim. P. 46(a); 18 U.S.C. § 3142(g)(4).

Similarly, in Parrino v. Bradshaw, 972 So. 2d 960 (Fla. 4th DCA 2007), the Fourth District denied a petition for writ of habeas corpus, holding that a first appearance court could consider the State's motion for a hearing regarding the source of funds used by the petitioner to post the bail set by the first appearance court. Id. at 961. But we find no provision in Florida law authorizing the first appearance court to detain an accused pending a separate hearing to address the source of bail funds.

Indeed, the Florida Constitution guarantees the right to pretrial release.

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

Art. I, § 14, Fla. Const.  Thus, every accused has a constitutional right to pretrial release on reasonable conditions, with two—and only two—exceptions.  First, a person charged with a capital offense or an offense punishable by life imprisonment has no right to pretrial release if the proof of the accused's guilt is evident or the presumption that he or she committed the crime is great.  Second, any accused may be detained if no conditions of release can reasonably protect the community from physical harm to persons, ensure the accused's presence at trial, or ensure the integrity of the judicial process.

"This sentiment also resonates in Florida Rule of Criminal Procedure 3.131[(a)] . . . ."  State v. Blair, 39 So. 3d 1190, 1192 (Fla. 2010).  That rule, along with statutory sections 907.041 and 903.046, Florida Statutes (2016), effectuate the constitutional right by establishing procedures and criteria for prescribing reasonable conditions of pretrial release.  Under rule 3.131, the conditions are to be devised by the first appearance court.  See Fla. R. Crim. P. 3.131(a).  One of the factors the court may consider in setting conditions is "the source of funds used to post bail."  See § 903.046(2)(f); Fla. R. Crim. P. 3.131(b)(3).

Thus, we agree with Judge Warner's concurring opinion in Parrino.  She noted that because in that case the petitioner's bail had already been set, the State should have requested a modification of bail by showing good cause pursuant to rule 3.313(d)(2); however, the petitioner had waived that issue by failing to raise it.  Further, and more important, Judge Warner observed that "[t]o the extent that a court inquires at the first appearance hearing as to the source of the funds available to post bail, it is for the purpose of ascertaining whether the bail set is sufficient to secure the defendant's

appearance, not to deny him pretrial release.  Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131."  972 So. 2d at 962 (Warner, J., concurring).  Indeed, continuing to hold an accused who has posted the bail set at first appearance is tantamount to pretrial detention, which may only be ordered after proceedings on a proper motion for pretrial detention filed by the State.  See Fla. R. Crim. P. 3.131(b)(1) ("Unless the state has filed a motion for pretrial detention pursuant to rule 3.132, the court shall conduct a hearing to determine pretrial release.").

Accordingly, we hold that under our state's constitution, Florida courts lack authority to detain accuseds for the purpose of inquiring into the source of funds used to post bail.  Moreover, any such inquiry "is for the purpose of ascertaining whether the bail set is sufficient to secure the defendant's appearance, not to deny him pretrial release."  Parrino, 972 So. 2d at 962 (Warner, J., concurring).

Petition granted.


CASANUEVA and CRENSHAW, JJ., Concur.