IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LONZO LEE SPARROW, JR.,

     Petitioner,

 v.                                       Case No.  5D18-607

STATE OF FLORIDA,

     Respondent.
_____/

Opinion filed March 7, 2018

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, Daytona
Beach, and Sarah L.B. Jordan, Assistant
Public Defender, Kissimmee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

     Lonzo Lee Sparrow, Jr. ("Petitioner") petitions this court for a writ of habeas corpus regarding the bond set by the trial court following his arrest for trafficking in MDMA.  At Petitioner's first appearance, the State requested that his bond be set at $50,000.  The trial court agreed to this amount and sua sponte ordered that Petitioner be detained under a Nebbia hold.  See United States v. Nebbia, 357 F.2d 303, 304-05 (2d Cir. 1966).  This

hold required Petitioner to be detained until he was able to establish that his bond money came from a legitimate source. Petitioner argues that the trial court was without authority to order his detention pending a hearing regarding the source of the funds. We entered an order granting the petition in part and striking the Nebbia hold and noted that this opinion would follow.

The Fourth District Court addressed the applicability of a Nebbia hold under Florida law in Parrino v. Bradshaw, 972 So. 2d 960, 961 (Fla. 4th DCA 2007). It concluded that a first appearance court could consider the State's motion for a hearing regarding the source of the funds used by a defendant to post bail. Id.; see also § 903.046(2)(f), Fla. Stat. (2018) (authorizing a court to consider the source of funds used to post bail or to procure an appearance bond, particularly whether the funds were linked to any criminal or illicit activities); Fla. R. Crim. P. 3.131(b)(2) ("The judge shall at the defendant's first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant's appearance."). However, we agree with Judge Warner's concurring opinion in Parrino that "[t]o the extent that a court inquires at the first appearance hearing as to the source of the funds available to post bail, it is for the purpose of ascertaining whether the bail set is sufficient to secure the defendant's appearance, not to deny him pretrial release." 972 So. 2d at 962 (Warner, J., concurring); accord Casiano v. State, 43 Fla. L. Weekly D358 (Fla. 2d DCA Feb. 14, 2018) ("Accordingly, we hold that under our state's constitution, Florida courts lack authority to detain accuseds for the purpose of inquiring into the source of funds used to post bail.").

Here, the trial court set the amount and conditions of the bond at first appearance but sua sponte ordered Petitioner detained pursuant to Nebbia until a hearing could be

held regarding the source of the funds he may use to post the bond. We believe that the trial court erred in ordering the <u>Nebbia</u> hold and denying Petitioner pretrial release. We therefore grant the instant petition in part and strike the <u>Nebbia</u> hold without prejudice to the State filing an appropriate motion seeking modification of the bond under rule 3.131(d) or rule 3.132.

GRANTED in part, DENIED in part.

SAWAYA, EVANDER, and BERGER, JJ., concur.