# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1316
Lower Tribunal No. 18-10539
_____

**Gerrel Snell,**

Petitioner,

vs.

**Daniel Junior, Director, Miami-Dade Corrections and
Rehabilitation Department, and The State of Florida,**

Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and James Odell, Assistant Public Defender, and Maria E. Lauredo, Chief Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Gabrielle Raemy Charest-Turken, Assistant Attorney General, for respondent The State of Florida.

Before SALTER, LOGUE, and LINDSEY, JJ.

LINDSEY, J.

Gerrel Snell petitions this Court to issue a writ of habeas corpus ordering that the Nebbia or "source of funds" hold issued by the trial court be stricken as an unlawful order of pretrial detention.  For the reasons set forth below, we deny the petition.

Mr. Snell was arrested on Miami Beach on May 23, 2018, and charged with multiple counts of sale and possession of marijuana and being a felon in possession of a firearm.  The police obtained a warrant for the search of his home and vehicle wherein they found a shoebox containing over $18,000 in U.S. currency, numerous bags of marijuana, a loaded .380 caliber firearm and a box of .380 caliber ammunition.  The arrest affidavit indicates his occupation as a landscaper.

At his first appearance hearing on May 24, 2018, bond was set at $40,500 but the trial court placed a Nebbia[1] hold on the bond to verify the source of the funds that would be used to post that bond.  On June 21, 2018, Mr. Snell filed a motion for removal of the Nebbia hold arguing that there is no authority under Florida law for the court to hold Mr. Snell pending a hearing to address the source

---

[1] As the trial judge correctly explained at the hearing on Mr. Snell's motion for removal of the Nebbia hold, "Nebbia really is what we use in shorthand to mean source of funds and to avoid citing the criminal procedure rule and the statute." Hr'g Tr. 12, June 22, 2018; see also Winer v. Spears, 771 So. 2d 621, 622 n.1 (Fla. 3d DCA 2000) (Sorondo, J., concurring) ("United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966) (This case stands for the proposition that a court can require a criminal defendant to establish, prior to posting bond, that the money and/or property used to pay the same were not derived from illicit activities). See also § 903.046, Fla. Stat. (2000)").

of funds to post a bond.  The trial court denied Mr. Snell's motion, contending that he was not "holding Mr. Snell in pretrial detention" but rather that the Nebbia inquiry was a condition of posting the bond.  The trial court further noted that if the first appearance judge had not conditioned the bond on a Nebbia inquiry, it would have imposed a much greater bond.  Mr. Snell declined to present any information to the trial court as to the source of funds he might use to post a bond.

Mr. Snell relies on Casiano v. State, which held that:

> [U]nder our state's constitution, Florida courts lack authority to detain accuseds for the purpose of inquiring into the source of funds used to post bail.  Moreover, any such inquiry "is for the purpose of ascertaining whether the bail set is sufficient to secure the defendant's appearance, not to deny him pretrial release."

241 So. 3d 219, 220 (Fla. 2d DCA 2018) (quoting Parrino v. Bradshaw, 972 So. 2d 960, 962 (Fla. 4th DCA 2007) (Warner, J., concurring)), jurisdictional briefs pending, SC 18-642.  The Second District further explained that "continuing to hold an accused who has posted the bail set at first appearance is tantamount to pretrial detention, which may only be ordered after proceedings on a proper motion for pretrial detention filed by the State."  Casiano, 241 So. 3d at 220.

The State contended in response that Casiano, 241 So. 3d 219, conflicts with the majority opinion in Parrino, 972 So. 2d 960, and two decisions from this Court: Artamendi v. Manning, 700 So. 2d 476 (Fla. 3d DCA 1997) and Winer, 771 So. 2d 621.  In Parrino, the defendant was "charged with two counts of trafficking in

3

Roxycodone (over four grams), aggravated assault on a law enforcement officer, aggravated battery on a law enforcement officer, and kidnapping." 972 So. 2d at 961. While incarcerated, the defendant sought a writ of habeas corpus from an order granting the state's motion for a <u>Nebbia</u> hearing. The majority denied the petition and held that:

> Section 903.046(2), Florida Statutes (2007) and Florida Rule of Criminal Procedure 3.131(b) authorize the court to inquire into "the source of funds used to post bail," as well as into any other facts, to insure defendant's appearance. The motion filed by the state, and the order entered by the court granting that motion, are authorized by the statute and the rule, and accordingly the issue as to the applicability of <u>Nebbia</u>, a federal case, is beside the point.

<u>Id.</u>

The instant petition does not involve a situation where the court is "continuing to hold an accused who has posted the bail set at first appearance" without the State having filed a motion for pretrial detention. <u>See</u> <u>Casiano</u>, 241 So. 3d at 220. Here, the first appearance judge set the bond at $40,500 conditioned on a <u>Nebbia</u> inquiry. Mr. Snell has neither tendered nor proffered that he could post the $40,500 bond but for the <u>Nebbia</u> hold.[2] And, Mr. Snell has not presented any

---

[2] The CJIS docket filed with this Court indicates a motion for modification of bail filed on the same day as the motion for removal of the <u>Nebbia</u> hold and denied on June 22, 2018. At the hearing on the motion for removal of the <u>Nebbia</u> hold, the Clerk advised the trial court of same. In any event, neither Mr. Snell nor the State have raised the motion for modification of bail as a basis for granting the instant petition.

4

information to the trial court as to the source of any funds he might use to post a bond.[3] Thus, Mr. Snell is in no worse position than if no <u>Nebbia</u> hold had been put in place in the first instance. Rather, he remains incarcerated, apparently, because he is unable to post the bond set at the first appearance hearing, irrespective of the <u>Nebbia</u> hold.[4]

Based on the facts and the procedural posture of this case, we deny the petition. <u>See</u> § 903.046(2)(f), (h), Fla. Stat. (2018) ("When determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court shall consider: . . . (f) The source of funds used to post bail or procure an appearance bond, particularly whether the proffered funds, real property, property, or any proposed collateral or bond premium may be linked to or derived from the crime alleged to have been committed or from any other criminal or illicit activities. *The burden of establishing the noninvolvement in or nonderivation from criminal or other illicit activity of such proffered funds, real property, property, or any proposed collateral or bond premium falls upon the defendant or other person proffering them to obtain the defendant's release. . . .*

---

[3] At the hearing on the motion for removal of the <u>Nebbia</u> hold, the trial court specifically inquired of Mr. Snell's counsel whether they had any information as to the source of the funds that Mr. Snell would seek to use to post the bond. Mr. Snell, through his counsel, stated: "No, Your Honor, not at this time." Further, the transcript of the first appearance hearing is not part of the record before us and neither Mr. Snell nor the State has represented to this Court that any information was presented to the first appearance judge as to the source of the funds.

[4] Mr. Snell has not alleged that he has asked the trial court for a reduction of bond.

(h) The street value of any drugs or controlled substance connected to or involved in the criminal charge.") (emphasis added); Fla. R. Crim. P. 3.131(b)(3) ("In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law; . . . the source of funds used to post bail;"); Artamendi, 700 So. 2d at 477 ("Upon the conclusion that the evidence adduced below established that the standards of United States v. Nebbia, 357 F.2d 303 (2d Cir. 1966) were satisfied as a matter of law, the trial court is ordered to require the acceptance of the tendered $ 700,000.00 bond and thereupon to release the petitioner from custody."); Winer, 771 So. 2d 621.

PETITION DENIED.