DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SNICESON FLEURY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1852

[July 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502018CF002910B.

Greg Rosenfeld of the Law Offices of Greg Rosenfeld, P.A., West Palm Beach for appellant.

No appearance required for appellee.

PER CURIAM.

Sniceson Fleury, a criminal defendant charged with drug trafficking offenses, petitions for a writ of habeas corpus challenging a pretrial release condition requiring him to show that the source of funds used to post bond is not derived from illegal activity ("the bond source condition"). We deny the petition and certify conflict with *Sparrow v. State*, 240 So. 3d 841 (Fla. 5th DCA 2018), and *Casiano v. State*, 241 So. 3d 219 (Fla. 2d DCA 2018), *notice invoking discretionary review filed*, No. SC18-642 (Fla. April 26, 2018), to the extent they hold that a bond condition like the one imposed in this case is not authorized by Florida law.

According to the probable cause affidavit, police executed a search warrant at a residence that Defendant shared with his brother and discovered trafficking quantities of drugs, more than $14,000 in cash, and several handguns. Defendant is charged with: (1) trafficking in heroin; (2) trafficking in fentanyl; (3) trafficking in cocaine; (4) possession of marijuana with intent to sell; and (5) felon in possession of a firearm or ammunition.

At first appearance in late March 2018, the court set a total bond of

$500,000.  In May 2018, Defendant moved to modify conditions of pretrial release asking the court to reduce the amount of bond.

At a hearing on the motion, the court agreed to reduce the bond.  As the court was preparing to announce the modified bond conditions, the State asked the court to require Defendant to show that the source of funds used to post bond was not derived from illegal activity.[1]  The court stated, "I thought you would, I was going to address that in a moment."

After hearing argument from defense counsel, who contended that the money would come from family members, the court agreed that the requirement was appropriate.  The judge indicated that, if the money was coming from family, "that's fine" and suggested Defendant's family could submit an affidavit to satisfy the requirement.  The court reduced the amount of bond to a total of $138,000 and entered an order requiring Defendant to demonstrate that the funds were from a "legitimate source." Defense counsel later lodged an objection referencing unspecified "conflict" in caselaw.

This petition follows.  Defendant argues: (1) the court erred in granting the State's oral motion to impose the bond source condition where the State had not filed a written motion to modify bond conditions under Florida Rule of Criminal Procedure 3.131(d)(2); and (2) detention based on the bond source condition is not authorized by Florida law.  Nothing in the record indicates that Defendant has tried to post the bond or satisfy the bond source condition.

Defendant fails to show any error in the trial court imposing the bond source condition.  Defendant filed a motion to modify bond and had constructive notice that the court would consider all the statutory pretrial release factors if his motion was granted.  *See* § 903.046(2), Fla. Stat. (2018) (setting out factors that the court shall consider when determining pretrial release conditions).

Section 903.046(2)(f) requires a court setting pretrial release conditions to consider:

> The source of funds used to post bail <u>or procure an appearance bond, particularly whether the proffered funds, real property, property, or any proposed collateral or bond premium may be linked to or derived from the crime alleged</u>

---

[1] The parties at the hearing referred to this as a "Nebbia" requirement, referring to *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966).

> to have been committed or from any other criminal or illicit activities. *The burden of establishing the noninvolvement in or nonderivation from criminal or other illicit activity of such proffered funds, real property, property, or any proposed collateral or bond premium falls upon the defendant or other person proffering them to obtain the defendant's release.*

*Id.* (emphasis supplied). The underlined language above was added in 2008 and expressly authorizes the bond source condition at issue. *See* Ch. 2008-238, § 18, Laws of Fla.

Defendant relies on *Sparrow v. State*, 240 So. 3d 841 (Fla. 5th DCA 2018), and *Casiano v. State*, 241 So. 3d 219 (Fla. 2d DCA 2018), which hold that "Florida courts lack authority to detain accuseds for the purpose of inquiring into the source of funds used to post bail." *Casiano*, 241 So. 3d at 220. We respectfully disagree.

*Sparrow* and *Casiano* relied on dicta from a special concurrence in *Parrino v. Bradshaw*, 972 So. 2d 960 (Fla. 4th DCA 2007). *Parrino* predates the Legislature's 2008 amendment, which expressly places the burden on the defendant to show that the funds used to post bail are not derived from illegal activity.

We disagree that the bond source condition imposed by the court in this case results in unconstitutional pretrial detention. Article I, section 14 of the Florida Constitution provides:

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, *every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions.* If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

*Id.* (emphasis supplied). The bond source condition at issue does not deny the Defendant "pretrial release on reasonable conditions." Defendant does not show that the requirement is unreasonable under the circumstances of this case. As argued by the State at the bond hearing, there is probable cause to believe that Defendant engaged in drug trafficking, and police allegedly found $14,308 in cash in Defendant's bedroom.

We deny the petition and certify conflict with *Sparrow* and *Casiano* to the extent they hold that a bond source condition like the one imposed in this case is unauthorized by Florida law. In *Casiano*, the court set bond at first appearance but granted the State's request that defendant be held pending a hearing pursuant to *Nebbia* – a so-called "*Nebbia* hold." *Casiano*, 241 So. 3d at 219. In *Sparrow*, the court at first appearance set bond in a drug trafficking case and imposed a "*Nebbia* hold" on its own motion. *Sparrow*, 241 So. 3d at 841. We see no meaningful distinction between the "*Nebbia* hold" in those cases and the bond source condition imposed in this case. We recognize that the condition may result in temporary detention until the condition is satisfied but do not believe that this categorically amounts to a denial of "pretrial release on reasonable conditions" as required by the Florida Constitution.

"The purpose of a bail determination in criminal proceedings is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant." § 903.046(1), Fla. Stat. (2018). If a defendant can use the proceeds of unlawful activity to post bail and immediately obtain release before an inquiry into the source of funds can be conducted, then the purpose of bond and the legislative intent in the bond statute would be frustrated. *See* § 903.046(2)(h), Fla. Stat. (2018) (requiring a court setting pretrial release conditions to consider the street value of the drugs involved and explaining: "It is the finding and intent of the Legislature that crimes involving drugs and other controlled substances are of serious social concern, that the flight of defendants to avoid prosecution is of similar serious social concern, and that *frequently such defendants are able to post monetary bail using the proceeds of their unlawful enterprises to defeat the social utility of pretrial bail.* Therefore, the courts should carefully consider the utility and necessity of substantial bail in relation to the street value of the drugs or controlled substances involved.") (emphasis supplied).

*Petition denied. Conflict certified.*

WARNER, MAY and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

4